Filed Oct. 13, 1885.

---

No. 11,949.

## PHILLIPS *v.* THORNE.

SUPREME COURT.— *Weight of Evidence.*—The Supreme Court will not disturb a verdict on the weight or preponderance of the evidence.

EVIDENCE.—*Harmless Error.—Practice.*—The subsequent offer by the trial court to admit excluded evidence, made while the parties and their witnesses were present in court and before argument, which offer was declined, will make the error, if any, in the exclusion of such evidence, a harmless one.

INSTRUCTIONS TO JURY.—*Discretion of Court.—Practice.*—At the close of the evidence, and before argument, the granting of time to prepare special instructions to the jury is a matter in the sound discretion of the trial court, and unless the record affirmatively shows an abuse of such discretion, the Supreme Court will not review the ruling of the trial court.

From the Delaware Circuit Court.

*R. S. Gregory, A. C. Silverburg, J. Brown* and *W. A. Brown*, for appellant.

*J. M. Brown* and *R. Warner*, for appellee.

HOWK, J.—In this case the appellee, Thorne, sued the appellant, Phillips, to recover damages for false imprisonment. The cause was put at issue and tried by a jury, and a verdict was returned for the appellee, assessing his damages at one hundred dollars. The court rendered judgment on the verdict.

The only error assigned by the appellant is the overruling of his motion for a new trial.

Appellant's counsel first insist that the verdict was not sustained by sufficient evidence and was contrary to law. The facts upon which appellee based his suit occurred in Henry county, where this action was commenced. There was evidence before the court and jury which tended to prove that in the summer of 1879 the appellee was required by a justice of the peace of Henry county to find bail, in the sum of $100, for his appearance at the next term of the Henry Circuit Court, and that, having failed so to do, he was "turned over to a man named Adams," who resided in Rush county, Indiana, by the justice, to be taken to the county jail for confinement therein; that on the next day, Sunday, the man named Adams took the appellee, with the *mittimus* issued by the justice, and delivered them to the appellant, at or near the town of Lewisville, in Henry county, nine or ten miles from Newcastle, the county seat; and that thereupon the appellant, without any pretence or color of legal authority, and against the will of the appellee, locked him up in what is called the "calaboose" of the town of Lewisville, and imprisoned him there through Sunday night and until Monday morning. These were the material facts which the appellee's evidence tended to establish.

Of course, as to some of these facts there was conflicting evidence introduced; but the questions in the case were questions of fact, and for the jury, and they had the right to be-

Phillips *v.* Thorne.

lieve the evidence of the appellee in preference to that of the appellant. Their verdict has met the approval of the able and learned judge who presided at the trial, and, in such a case, as we have often decided, we will not disturb the verdict upon the evidence unless, as to some material point in the case, there is an absolute failure of evidence. This court will not weigh the evidence nor attempt to determine its preponderance.

Appellant's counsel also complain of the action of the court in excluding certain evidence, offered in his behalf, from the consideration of the jury. Even if this action of the court were erroneous, a point we need not decide, the record shows that the court afterwards, and before the commencement of the argument, reconsidered its previous action, and, while all the parties and their witnesses were present in the court-room, said to the appellant and his counsel in open court that they might then go on and give the evidence and testimony previously excluded; and that the appellant, in person and by his counsel, then and there declined so to do. In this state of the record, the appellant can not be heard in this court to complain of such action of the trial court in the exclusion of such testimony and evidence as erroneous. The error of the court, if such it were, was made harmless to the appellant by the subsequent action of the court.

It is shown by the bill of exceptions "that at the close of the evidence, and before the commencement of the argument," the appellant, by his attorneys, requested the court to give such attorneys time to prepare special instructions to be given by the court in the cause, which request the court refused to grant, and the appellant at the time excepted. It is earnestly insisted by appellant's counsel that this action or ruling of the trial court was erroneous. In the *fourth* clause of section 533, R. S. 1881, it is provided as follows: "*Fourth.* When the evidence is concluded, and either party desires special instructions to be given to the jury, such instructions shall be reduced to writing, numbered and signed by the party or his

attorney asking the same, and delivered to the court." Section 534, R. S. 1881, contains substantially the same provisions, and some additional ones not necessary to be noticed here, in relation to special instructions. We have found no statutory provision, however, which requires the trial court, upon the conclusion of the evidence, and before the commencement of the argument to the jury, to grant time to either party to reduce his special instructions to writing and deliver them to the court. We think, therefore, that we must leave this question precisely where the statute leaves it, namely, in the sound discretion of the trial court in each particular case, and that, unless the record affirmatively shows an abuse of such discretion, " by which the party was prevented from having a fair trial," this court will not, and ought not to, review the ruling of the lower court on that question.

In the case in hand, the record not only fails to show that the trial court abused its discretion in refusing to give appellant's attorneys time to prepare special instructions to be given in the cause, but the action or ruling of the court in refusing to give such time is abundantly justified, if justification were necessary, by the statements of the court in the bill. of exceptions and by other facts elsewhere appearing in the record. It is hardly necessary for us to set out in this opinion these statements and facts; it will suffice to say that they show very clearly, as it seems to us, that the appellant and his attorneys had no reasonable excuse for their failure to have their special instructions prepared, and no reasonable ground for requesting the court to give them time to prepare such instructions.

We have found no error in the record of this cause which authorizes or requires the reversal of the judgment.

The judgment is affirmed, with costs.

Filed Oct. 16, 1885.