McKinsey v. McKee.

Filed Jan. 11, 1887.

---

No. 13,075.

McKINSEY v. McKEE.

109 209
144 255
144 434
109 209
152 604
152 605

CONTINUANCE.—*Refusal to Grant.*—*Harmless Error.*—Where a party is not injured by the overruling of a motion for a continuance, there can be no reversible error.

SAME.—*Absent Witness.*—*Diligence.*—To entitle a party to a continuance

on account of the absence of a witness, he must show that he has exer-cised proper diligence to obtain the testimony of such witness.

PRACTICE.—*Objection to Evidence.*—A general objection to the admission of evidence presents no question on appeal.

INSTRUCTIONS TO JURY.—*Exceptions.—Bill of Exceptions.—Practice.*—Where- instructions upon which error is sought to be predicated are made part of the record by a bill of exceptions, what occurred in the way of exceptions to the giving or refusal of such instructions, must be stated in the bill as facts and be authenticated by the signature of the judge.

From the Clinton Circuit Court.

*P. H. Dutch*, for appellant.

*U. J. Hammond* and *J. C. Farber*, for appellee.

ZOLLARS, J.—Appellee brought this action for the recovery of damages occasioned by the seduction of his daughter.

One of the grounds upon which appellant asks a reversal of the judgment is, that the court below erred in overruling· his motion for a continuance of the cause over the term.

At the time the motion for a continuance was overruled, the court ordered an attachment for one of the absent witnesses. During the trial, that witness was brought into court and gave his testimony. Without stopping to inquire as to whether or not that testimony was material, and as to whether or not, in any event, there might have been avail-able error in the overruling of the motion for a continuance on account of the absence of that witness, it is sufficient here, that appellant suffered no injury by the ruling. In such a case, it is the duty of this court to disregard technical errors, and affirm the judgment. R. S. 1881, sections 398, 658; *Rothrock* v. *Perkinson*, 61 Ind. 39; *Ricketts* v. *Harvey*, 106 Ind. 564; *Davis* v. *Reamer*, 105 Ind. 318; *Landwerlen* v. *Wheeler*, 106 Ind. 523; *Powers* v. *State*, 87 Ind. 144; *Brown* v. *State*, 105 Ind. 385; *Chicago, etc., R. R. Co.* v. *Hedges*, 105 Ind. 398; *Louisville, etc., R. W. Co.* v. *Krinning*, 87 Ind. 351.

Again, without deciding as to whether or not it is shown that the testimony of the other absent witness would have

McKinsey v. McKee.

been competent, it is enough to say, that there was not suffi-
cient diligence as to that witness, to entitle appellant to a
continuance.    It is stated in the affidavit filed in support of
the motion for a continuance, that the witness formerly lived
with his father at Colfax, in this State; that appellant or-
dered a subpœna for him, which was returned, "served by
copy," and that he now resides at Clermont, Ohio.    It is
not shown for how long a time he has resided in Ohio, nor
for how long a time appellant had knowledge of his resi-
dence there.    For aught that appears, he resided in Ohio at
the time the subpœna was issued and for a long time prior
thereto; that appellant had knowledge of that fact, and had
ample time to have taken his deposition before the case was
called for trial.    *McDermott* v. *State*, 89 Ind. 187.

It is insisted also, that the court below erred in the admis-
sion of certain testimony.    At one place in the record, it is
stated simply that appellant objected, but no ground of ob-
jection was pointed out.    At another place, it is recited that
he objected to the evidence on the ground of incompetency.
These were not such objections as saved any question for re-
view here.    *City of Delphi* v. *Lowery*, 74 Ind. 522; *Lake
Erie, etc., R. W. Co.* v. *Parker*, 94 Ind. 91; *Grubbs* v. *Mor-
ris*, 103 Ind. 166; *Shafer* v. *Ferguson*, 103 Ind. 90; *Indiana,
etc., R. W. Co.* v. *Cook*, 102 Ind. 133; *McClellan* v. *Bond,
etc.*, 92 Ind. 424; *Louisville, etc., R. W. Co.* v. *Falvey*, 104
Ind. 409; *Byard* v. *Harkrider*, 108 Ind. 376; *Louisville, etc.,
R. W. Co.* v. *Jones*, 108 Ind. 551.

Questions are made as to the correctness of instructions,
which it is said were given by the court, and as to others
asked by appellant, and which it is said the court refused.
From the record before us, it can not be determined that
any of the instructions asked by appellant were refused, nor
that there were any proper exceptions to such refusal, or to
the giving of the court's instructions.

This court must dispose of the case upon the record, and

can not say that the court below .committed errors for which the judgment must be reversed, unless such errors are made manifest by the record properly authenticated. We find in the bill of exceptions embodied in the record, the following statement: " The court gave to the jury the following instructions, to wit."

Following this statement, the instructions are set out. Following them is this: " Defendant, by his attorneys, asks the court to instruct the jury in writing, and to give the following instructions."

Here follow the instructions so asked. And following these, again, are instructions from 4 to 13, both inclusive. And still following those, are instructions 1, 2 and 3. At the end, it is recited that appellant presented the bill of exceptions and asked that it should be signed and made a part of the record. Following the signatures of his attorneys, is the signature of the judge, as follows: " Signed May 8, 1884. Joseph C. Suit, Judge C. C. C."

Sections 533 and 535, R. S. 1881, provide a mode of preserving exceptions to the giving or refusal of instructions, and of making the exceptions and instructions a part of the record, without a bill of exceptions. That mode was not followed in this case. *Childress* v. *Callender*, 108 Ind. 394; *Behymer* v. *State*, 95 Ind. 140. Here, as we have seen, the instructions were brought into the record by a bill of exceptions. In such a case, what occurred in the way of exceptions to the giving or refusal of instructions, must be recited and stated in the bill as facts, and be authenticated by the signature of the judge. *Choen* v. *State*, 85 Ind. 209; *Powers* v. *State*, 87 Ind. 144.

Following, and at the end of some of the instructions given by the court, there is this statement, signed by appellant's counsel: " Given by the court and excepted to by the defendant at the time."

And following, and at the end of some of the instructions

asked by appellant, is the statement, signed by his counsel: "Refused and excepted to at the time by defendant." These are not statements by the court, authenticated by the signature of the judge.

The statement that the court gave certain instructions, is an authentic statement that the instructions set out were given by the court, and nothing more. It is not a statement that there were any exceptions by appellant, or any one else, to the giving of the instructions. The exceptions noted at the end of the instructions, and signed by appellant's counsel, are not a part of them. And so, it is recited in the bill, as we have seen, that appellant asked the court to give to the jury the "following written instructions," but that is not a statement that any of them were refused, nor that there were any exceptions by appellant to such refusal.

The statement, "refused and excepted to," is no part of the instructions. In short, there are no statements, authenticated by the signature of the judge, that any instructions were refused, nor that any exceptions were taken.

The only statements are, as already stated, that certain instructions, set out, were given by the court, and that appellant asked certain instructions, also set out in the bill.

The probabilities are, that, as was the custom, and the proper method, before the adoption of the code of 1881, appellant's counsel wrote under the instructions, or upon the margin, that certain instructions were. given and others refused, and that he excepted, but there is nothing in the bill of exceptions by way of a statement, that some of the instructions were in fact refused, and that appellant in fact excepted to such refusal, and to the giving of any of the instructions.

We may state, in passing, that we have examined the instructions given, and those refused, and that so far as pointed out in argument, we discover nothing that would justify a reversal of the judgment. One of the instructions, desig-

nated by counsel as number 3, is somewhat confused, and apparently foreign to the case, but taken in connection with the others given, it is not at all probable that the jury were in any way confused or misled thereby.

Judgment affirmed, with costs.

Filed Jan. 11, 1887.