No. 15,247.

THE EVANSVILLE AND RICHMOND RAILROAD COMPANY
v. FETTIG.

| 130 | 61 |
| 157 | 428 |
| 157 | 431 |
| 130 | 61 |
| 170 | 497 |

PRACTICE.—Evidence.—Objection to, Particularity of.—Objections to evidence, to be available, must be reasonably specific; and it is not enough to state that it is "incompetent," "immaterial," or "improper."

EVIDENCE.—Proof of Value of Land.—Opinion by Witness Unacquainted with Value of Land in that Vicinity.—A witness, after stating the location of land and his knowledge of it, may give his opinion of its value, based upon such facts, without it being shown that he knew anything about the market value of lands in that vicinity.

SAME.—Proof of Value both Before and After Construction of Railroad.—In proving the value of land affected by the construction of a railroad, proof of its value, both before and after the construction of such road, may be made.

From the Jackson Circuit Court.

M. F. Dunn and G. G. Dunn, for appellant.

W. K. Marshall, for appellee.

McBRIDE, J.—The only question argued by counsel for the appellant relates to the action of the trial court in admitting testimony.

The appellant sought to appropriate certain lands belong-

ing to the appellee for the construction of its line of railroad. The assessment of damages being unsatisfactory to the appellee, he filed exceptions, and the cause was tried by the court, a jury being waived.

On the trial the appellee called several witnesses to testify to the value of the land before and after the construction of the railroad, and they were each allowed to testify over the objection of the appellant. With the exception of the first witness, the record does not show that any specific objection was made to the testimony of any of these witnesses.

With the majority of the witnesses the bill of exceptions simply shows, generally, that the appellant objected, and that, his objection being overruled, he excepted. In other instances it is stated that the objection was because the testimony was "incompetent and improper." Such objections present no question to this court. Objections to evidence, to be available, must be reasonably specific. It is not enough to state that the evidence is incompetent, or that it is "immaterial," or "improper," or "incompetent," but the particular objection must be fairly stated. *Ohio, etc., R. W. Co.* v. *Walker*, 113 Ind. 196; *Farman* v. *Lauman*, 73 Ind. 568; *Nave* v. *Flack*, 90 Ind. 205; *Louisville, etc., R. W. Co.* v. *Jones*, 108 Ind. 551, and many other cases.

The testimony of all these witnesses was, however, substantially alike. The first witness called was Charles Leninger, who testified that he knew the land, and described its location, adjoining the corporation line of the city of Seymour, described its shape, testified that it was cleared and fenced, and that there were no buildings upon it. That it was "good to lay out in town lots," but had never been platted, and that the town was growing that way. He was then asked to state how much the land was worth per acre before the road was constructed. To this question the appellant at the time objected, for the reason "that it called for a mere opinion, and that the witness had not yet stated that he knew anything about the market value of lands, or

of any lands selling in that immediate vicinity." The objection being overruled, an exception was properly saved.

There was no error in this ruling. The witness having testified to a knowledge of the very property in controversy, was competent to testify to his opinion of its value, basing such opinion upon the facts to which he had already testified. *Smith* v. *Indianapolis, etc., R. R. Co.*, 80 Ind. 233.

The extent of the witness' information affects the weight of his testimony, but not its competency. Special knowledge relating to the value of lands in that locality would, no doubt, add value and weight to his opinion.

Counsel, in addition to the specific objection made, argue generally as to all of this evidence that it was not competent to prove damages by proving the value of the property before and after the construction of the railroad. No such question is properly presented by the record, but if it was the authorities in this State are against him. *Yost* v. *Conroy*, 92 Ind. 464, and authorities there cited. See, also, many cases since decided.

We find no error in the record.

Judgment affirmed.

Filed Dec. 16, 1891.