### GARY RAILWAYS COMPANY *v.* KLEINKNIGHT

[No. 16,683. Filed October 21, 1941. Rehearing denied
December 5, 1941.]

*Draper & Draper,* of Gary, for appellant.

*Davis & Eichhorn* and *Gilbert Gruenberg,* all of Gary,
for appellee.

STEVENSON, J.—This action was begun by the appellee
to recover damages from the appellant because of per-
sonal injury sustained by her in a collision between
an automobile in which she was riding and one of the
appellant's street cars.

The record in this appeal was filed in the office of the Clerk of the Supreme and Appellate Courts on July 5, 1940, and, upon appellant's petition for extension of time, the appellant was granted time in which to file appellant's brief to and including September 5, 1940. The record further discloses that nine copies of appellant's brief were filed in the office of the Clerk of the Supreme and Appellate Courts on September 5, 1940. The record further discloses that the appellant's briefs were filed in the office of the clerk by the printer, and these briefs were accompanied by an affidavit of the printer to the effect that on the 5th day of September, 1940, at the direction of appellant's counsel, one copy of appellant's brief was deposited in the United States mail, addressed to appellee's counsel at Gary, Indiana, postage prepaid. This brief was not received by appellee's counsel until September 9, 1940.

A motion to dismiss this appeal was filed by the appellee on September 17, 1940, assigning as a reason that no proof showing service of a copy of appellant's brief upon the appellee was made within the time allowed for filing the same. This motion was overruled by this court on September 27, 1940.

The case is now before us for consideration upon its merits, but in view of the decision of the Supreme Court of this State, as announced in the case of *James C. Curtis & Co.* v. *Emmerling,* decided January 20, 1941, and reported in 218 Ind. 172, 31 N. E. (2d) 57, 986, it is our opinion that this motion to dismiss should have been sustained. The rule applicable to this case is part of Rule 20, adopted January 1, 1937, which reads as follows: "Not less than nine copies of each brief, two of which, if typewritten, shall be ribbon copies, shall be filed with the clerk together with proof of service of a ribbon copy upon opposing party or counsel."

It is the appellant's contention that the deposit of a brief in the United States mail is sufficient to constitute a service upon the opposing party within the meaning of this rule. The Supreme Court, in the case above referred to, discussed the effect of rules intended to shorten the time for filing briefs, and said: "In view of the situation pointed out above, it seems necessary to hold that under Rule 20, 1937, the appellant is required to serve a copy of his brief on the appellee within the time allowed." It seems clear to us that depositing a copy of the brief in the United States mail on the last day for filing does not amount to a service upon the appellee, unless it is actually received by him on that day. The United States mail, in such a case, is at most only an agent selected by the appellant to carry a copy of his brief to the opposing party. If the agent so selected fails to deliver a copy of the brief to the opposing party or his counsel within the time allowed the appellant for filing, the requirements of the rule have not been met.

We, therefore, think it proper to reconsider our ruling on appellee's motion to dismiss this appeal; and for the reasons above stated, it is now our opinion that the order of this court, overruling appellee's motion to dismiss, should now be set aside, and the motion to dismiss should be sustained.

The motion to dismiss this appeal is sustained and this appeal is dismissed .

NOTE.—Reported in 36 N. E. (2d) 939.