GARY FISH COMPANY *v.* LEISURE ET AL.

[No. 18,142. Filed December 3, 1951. Rehearing denied January 18, 1952. Transfer denied February 27, 1952.]

*Strom & Spangler* and *George Cohan,* both of Gary, for appellant.

*Richard P. Tinkham* and *James H. Pankow,* both of Hammond, for appellees.

ACHOR, J.—This was an action by appellee to recover damages for personal injuries sustained by him as a result of a collision with one of appellant's trucks. To this cause of action appellant filed a specific denial and also affirmative paragraphs of answer, setting up the issue that the appellee had accepted compensation from the Standard Oil Company under the Compensation Act.

The appellant also filed a cross-complaint against the appellees, Herbert Leisure, Marion Davis and Standard Oil Company in two paragraphs. The first was to recover the amounts for which the appellant Gary Fish Company, became liable pursuant to an award entered by the Industrial Board of the State of Indiana, by reason of the death of its employee, Benjamin Lurye. The second was to recover for the damage to the truck and its contents. Appellant alleged that the death of its employee was due to the negligence of appellees Leisure and Davis while driving trucks for the appellee Standard Oil Company at the time of the collision in controversy.

The jury returned a verdict for appellee Leisure in the sum of $30,000. Also, in accordance with an instruction from the court, it returned a verdict for all appellees against the appellant on paragraph One of its cross-complaint. Judgment was entered accordingly. The following errors were relied upon by appellant in his motion for a new trial and are presented to this court on appeal:

The first alleged error was that the court, over the objection of appellant, permitted Mr. Kacena, a third party, to testify that he had been paid for damages to his "automobile which were incurred in this collision."

194

Appellant's objection to the admission of this testimony was as follows:

"Mr. Strom: The defendant objects, the first reason being if the witness has been paid by either the Standard Oil Company or the Gary Fish Company, or both of them, he should not be, is not prejudiced and it is not necessary to bring that point out."

It is argued by appellant that the evidence was not admissible for two reasons: first, that this evidence was injected as proving an admission of liability on the part of appellant in favor of Kacena for the damages sustained to his automobile. This is not the grounds upon which appellant based his objection to the court below, and by well established rules he cannot ask for reversal by this court upon different grounds. *Fame Laundry Co.* v. *Henry* (1924), 195 Ind. 453, 461, 144 N. E. 545.

Appellant's second contention against the admission of the evidence was that it was not admissible for the purpose of showing the bias and prejudice of the witness. This court recognizes that said issue has not been determined by Indiana Courts and that there is a marked conflict in the rulings of other states on that issue. However, the objection made by the appellant in the court below was so indefinite that we cannot say that the trial court was given a fair opportunity to rule upon the objection. Therefore, we are not justified in expressing an opinion on that issue as now presented on appeal. The essential part of the objection is "If the witness has been paid he should not be, is not prejudiced, and it is not necessary to bring that point out."

The rule of law regarding the sufficiency of objections to the admission of evidence is well established. As

stated in *Fame Laundry Co.* v. *Henry, supra,* at page 461, "When objections are made to the admission of evidence the grounds of the objection must be fully and definitely stated. *Indianapolis Traction, etc., Co.* v. *Howard* (1920), 190 Ind. 97; *Underhill* v. *State* (1921), 190 Ind. 558; *Marietta Glass Mfg. Co.* v. *Pruitt* (1913), 180 Ind. 434." See also 64 C. J., §203 (a), p. 180. The reasons for the rule are: First, that the court under the pressure of trial may intelligently rule on the objection, and second, that counsel for the opposing party may have the opportunity to obviate the objection if well taken. 64 C. J., §203 (a), p. 183.

No specific ground or rule of law governing the admissibility of the particular evidence sought to be elicited from the witness was incorporated in the objection. We are constrained to hold that the objection was fatally defective in that it failed to "fully and definitely" state the grounds on which it was based, and that the trial court committed no error in permitting the question to be answered.

The second error relied upon by appellant was the admission of the picture of the Kacena automobile which appellant's truck struck and severely damaged after first colliding with the two Standard Oil Company trucks. Appellant's objection was based upon the fact that Kacena was not a party to the action and that the evidence was outside the issues. The Kacena car was in the path followed by the appellant's truck, immediately following the impact with the trucks driven by appellees Davis and Leisure. The extent of the damage to the Kacena car was evidence of the speed of appellant's truck. The photograph was germaine as to both of these circumstances and issues and was, therefore, admissible. *Acton* v. *Lowery* (1941), 109 Ind. App. 581, 34 N. E. 2d 972; *Drohan*

*and Carmell, as Trustees* v. *Standard Oil Company, a corporation* (7th Cir. 1948), 168 F. 2d 761. Furthermore, any issue as to the admission of the photograph was waived by the offer and admission of a second photo of the car with "no objection."

The third error relied upon by appellant was the exclusion during cross-examination of conversations between appellees Leisure and Mr. Price of the Standard Oil Company regarding a loan agreement for the payment of Workmen's Compensation pending prosecution of this action.

At the conclusion of appellees' case in chief, the court stated that he believed he had committed error in sustaining the objection to the question in controversy and, after announcing his decision regarding such error, inquired of appellant's counsel, "Do you gentlemen wish to call . . . Leisure for cross-examination?" to which appellant's counsel replied, "We haven't decided." Appellant then "reserved the right to cross-examine plaintiff (Leisure) during its case." Appellant presented and rested his case without calling Leisure for further cross-examination .

Without deciding the issue as to the admissibility of the oral testimony in controversy it does seem apparent that error, if any, was waived by appellant. As ▮ stated in Lowe's Revision of Works' Practice, §46.8: "Giving a party a full opportunity before the conclusion of the trial to introduce evidence which has once been offered and excluded will completely cure any error committed in excluding it, even though such party refuse to avail himself of such offer." The statement of this text is supported by the following cases: *Bozarth* v. *McGillicuddy* (1897), 19 Ind. App. 26, 47 N. E. 397; *Gebhart* v. *Burkett* (1877), 57 Ind. 378; *Phillips* v. *Thorne* (1885), 103 Ind. 275, 2 N. E. 747.

The fourth alleged error assigned by appellant was the giving of appellees' Instruction No. 8 over appellant's objection. This instruction was as follows:

"A statute of the State of Indiana in full force and effect at the time of the collision, provided that every motor vehicle, other than a motorcycle, when operated on a public highway in this state, shall be equipped with brakes adequate to control the movement and to stop and hold such vehicle. I instruct you that if you find from a fair preponderance of the evidence, that at the time of the collision, the defendant's employee, Ben Lurye, was operating upon a public highway, a motor vehicle which was not equipped with brakes adequate to control its movement and to stop and hold it, then the defendant was guilty of negligence."

Appellant's objection to the above instruction was as follows:

"1. For the reason it assumes the presence of evidence which is non-existent in the record, to-wit: that the plaintiff has proven either through evidence, or by inference, that the defendant's truck had inadequate or faulty brakes at the time of the collision."

On inquiry as to how the accident happened, appellee Leisure on conditional examination as admitted on cross-examination, testified: "I was through (the bridge), and I saw this truck coming down the road meeting me, swaying sideways across the road. There appeared to be something wrong with him, maybe he didn't have any brakes, or something, he was swaying cross-ways of the road." On cross-examination, appellee Davis testified as follows:

"Q. Can you account to the jury for the Gary Fish truck weaving from one side of the pavement to the other before it hit you, or before you hit him, whichever the fact is?

"A. Different things, *front wheels tightened,* another thing, putting on his brakes."

The above evidence is supported by evidence that appellant's truck was weaving from side to side down the highway with unabated speed, a distance of from 400 to 600 feet toward appellees while the driver, according to another witness, "was fighting to bring it under control." As stated in the case of *Parker* v. *Ullom* (1928), 84 Colo. 433, 271 Pac. 187:

> "It was not necessary that evidence that the brakes did not meet the requirements should be direct and positive; circumstantial evidence was sufficient. There was evidence relating to the action of the Parker car immediately preceding the collision that raised a question concerning the condition of the brakes."

We cannot say that there was no evidence direct or circumstantial in the record concerning the inadequacy of the brakes. Part of that testimony may have been incompetent, but it was in response to questions asked by appellant. Appellant allowed it to remain in evidence for consideration by the jury for what it was worth; it had some probative value and appellant cannot object to it now. *Chicago District, etc., Corp.* v. *Evans* (1946), 117 Ind. App. 280, 69 N. E. 2d 627. In the light of the foregoing evidence, we cannot say that the giving of the above instruction was reversible error.

The fifth error assigned was the giving of appellee's Instruction No. 9. We find no serious objection to the instruction. For the reasons hereafter stated, we will not belabor this opinion by quoting the instruction itself and appellant's objection thereto, nor will we weigh appellant's argument herein present-

ed. The objection given to the trial court was that the instruction did not "contain all of the findings of the jury that would justify it in rendering a verdict for the plaintiff." We will not discuss the sufficiency of the objection. The argument urged here by appellant is that the instruction was confusing to the jury because it refers to "the collision," whereas there were several collisions involved. The objection now raised by appellant was not presented to the trial court; therefore the objection cannot be considered here on appeal for the first time. *In re Estate of Collinson* (Ind. App., 1950), 93 N. E. 2d 207; *Craig v. Citizens Trust Co.* (1940), 217 Ind. 434, 26 N. E. 2d 1006.

Finally, appellant urges that it was error for the court to direct a verdict against it on its cross-complaint to recover the amount of compensation awarded the widow of the driver of its truck. There is no evidence in the record that the widow of the driver of the truck had *accepted* compensation under the award. Therefore, appellant was not subrogated to the claim of the widow and the court was justified in directing the verdict. See Small, Workmen's Compensation Law of Indiana, §§11 and 12; *Northern Indiana Power Co. v. West* (1941), 218 Ind. 321, 32 N. E. 2d 713.

Judgment affirmed.

NOTE.—Reported in 102 N. E. 2d 209.