## FISHER *v.* DRISKELL.

[No. 18,944. Dissenting Opinion on Motion to Dismiss filed June 13, 1957. Rehearing on Motion to Dismiss denied August 5, 1957. Opinion on the Merits filed October 31, 1958.]

*Arthur Griffith* and *Griffith, Bates & Hancock,* of Evansville, for appellant.

*Ortmeyer, Bamberger, Ortmeyer & Foreman,* of Evansville, for appellee.

### ON MOTION TO DISMISS
### (DISSENTING OPINION)

ROYSE. J.—I feel it my duty to dissent from the order of this court denying appellee's motion to dismiss this appeal because appellee did not receive a copy of appellant's brief on the day it was filed with the Clerk of this Court.

The records shows that appellant obtained an extension of time to file his brief to November 26, 1956. He filed the brief on November 23, 1956 and served a copy to appellee on November 26, 1956, filing his proof of service with the Clerk November 28, 1956.

The majority denied the motion of appellee because the brief was filed three days before it was due and

appellee received his copy on the day the brief was due under the extension granted. Certainly there can be no question that the time for appellee to file his answer brief commenced November 23, 1956.

I base my dissent on the following authorities:

In *James C. Curtis & Company* v. *Emmerling* (1941), 218 Ind. 172, 31 N. E. 2d 57, 986, the Supreme Court, in dismissing the appeal where Rule 20 adopted June, 1937 which provided as follows:

> "Not less than nine copies of each brief, two of which, if typewritten, shall be ribbon copies, shall be filed with the clerk together with proof of service of a ribbon copy upon opposing party or counsel."

after pointing out that the rule was awkward and had been corrected by Rule 2-19, 1940 Revision, said:

> "In view of the situation pointed out above, it seems necessary to hold that under Rule 20, 1937, the appellant is required to serve a copy of his brief on the appellee within the time allowed, whether such brief is printed or typewritten. If it were otherwise, appellant might accomplish a delay in the consideration of an appeal, not contemplated by the rules, by the simple device of filing his brief in time and then withholding service of a copy upon his opponent, since it would be unreasonable to hold that an appellee's time might run against him without his knowledge."

In *Gary Railways Company* v. *Kleinknight* (1941), 110 Ind. App. 72, 36 N. E. 2d 939, the court held that under Rule 20, 1937, the depositing in the mail on the day the briefs were filed in the office but not received by appellee until four days later, did not comply with the rule and the court reconsidered its denial of appellee's motion to dismiss and dismissed the case.

In *Hoover* v. *Shaffer et al.* (1948), 118 Ind. App.

399, 80 N. E. 2d 569, we dismissed where the copy of appellant's brief was delayed one day after brief was filed with the Clerk. This was a unanimous decision participated in by Bowen and Crumpacker, JJ.

In *Coal Operators Casualty Co.* v. *Randolph* (1955), 125 Ind. App. 364, 122 N. E. 2d 737 (Transfer denied), where brief was received by appellee one day after being filed with the Clerk, this court, in an opinion by Kelley, C. J., dismissed the appeal. Judges Bowen, Crumpacker and Pfaff agreed with this decision.

In *Matlaw Corporation* v. *War Damage Corporation* (1953), 123 Ind. App. 593, 112 N. E. 2d 233, 868, this court, by Per Curiam opinion, dismissed petition for rehearing because appellee's petition for rehearing was not received by appellant until one day after it was filed. In this case Judge Crumpacker wrote, in his name, the original opinion and I dissented. My record shows he was the author of the Per Curiam opinion, to which I agreed, as did judges Bowen and Kelley.

In the foregoing numerous other authorities are cited to the same effect.

I believe the action of the court is in direct conflict with the above authorities. There are no authorities to the contrary.

Ordinarily it is not necessary to write an opinion on a dissent to such an action. However, because I feel the appellee and appellant should not be put to the additional expense and time of preparing and filing an answer and reply brief I express my views so that if the appellee so chooses he may file a petition for rehearing and if that is denied may seek a transfer to have this matter finally determined by the Supreme Court.

ON PETITION FOR REHEARING ON MOTION TO DISMISS

CRUMPACKER, C. J.—Feeling that no appeal to this court should be dismissed upon purely technical grounds unless ruling precedent constrains us to do so we ■ denied, without comment, the appellee's motion to dismiss. To that ruling Royse, J., dissented in writing during the course of which he sought to make it appear, wholly without relevance to the validity of the ruling, that Bowen, Kelley, Pfaff and Crumpacker, JJ., are presently inconsistent with their past positions on the same question involved herein. That, of course, is not the fact as in every case cited in the dissent a copy of the appellant's brief was served on the appellee after the time for filing the same in the clerk's office had expired, a procedure which, if tolerated, would put the appellant in a position to delay the consideration of an appeal through the simple device of not filing his brief until the last day of his time for doing so and then delaying service of a copy thereof on the appellee for several days or weeks. The penalty for such practice is dismissal of the appeal. *James C. Curtis & Co.* v. *Emmerling* (1941), 218 Ind. 172, 31 N. E. 2d 986. In the case before us a copy of the appellant's brief was served upon the appellee within the time allowed for filing the same in the clerk's office and nothing done by the appellant could possibly delay a consideration of the appeal. Thus the reason for the rule as announced in the Curtis case is eliminated.

Following the suggestion contained in the dissent the appellee has asked for a rehearing of his motion to dismiss this appeal. His petition is predicated upon two propositions as follows: (1) By the unanimous decision of this and the Supreme Court the appellant must, under penalty of dismissal of his appeal, serve a copy of his brief upon the appellee before, or upon

the same day he files said brief with this court and make proof of such service upon the appellee at the time of the filing of said brief pursuant to Rule 2-19; and (2) the bill of exceptions containing the evidence is not in the record and, as all propositions urged for reversal depend upon the consideration of the evidence for determination, there is no question before this court for decision.

In reference to the first proposition the facts are these: The appellant obtained an extension of time to file his brief to November 26, 1956. He filed the brief on November 12, 1956, and served a copy thereof on the appellee on November 26, 1956, and made proof of such service with the clerk of this court on November 28, 1956. We held that this was a sufficient compliance with the rules and such holding is now challenged as being in contravention of the following ruling precedents of the Supreme and Appellate Courts: *James C. Curtis & Co.* v. *Emmerling, supra; Gary Railways Co.* v. *Kleinknight* (1941), 110 Ind. App. 72, 36 N. E. 2d 939; *Wright* v. *Hines* (1945), 116 Ind. App. 150, 62 N. E. 2d 884; *Hoover* v. *Shaffer* (1948), 118 Ind. App. 399, 80 N. E. 2d 569; *Matlaw Corp.* v. *War Damages Corp.* (1953), 123 Ind. App. 593, 112 N. E. 2d 233, 112 N. E. 2d 868; *Coal Operators Casualty Co.* v. *Randolph* (1955), 125 Ind. App. 364, 122 N. E. 2d 737.

We have examined each one of these cases and find that not one of them furnishes a precedent for a ruling on the facts here involved. In each one of them the brief was served upon opposing counsel after the time allowed for the filing of said brief had expired and the appeals were dismissed for that reason and that reason alone. The leading case upon the subject is *James C. Curtis Co.* v. *Emmerling, supra,* which ex-

plains the reason for the dismissal of appeals when the appellee is not served with a copy of the appellant's brief within the time allowed for filing the same. The court said: "If it were otherwise, appellant might accomplish a delay in the consideration of an appeal, not contemplated by the rules, by the simple device of filing his brief on time and then withholding service of a copy upon his opponent, since it would be unreasonable to hold that appellee's time might run against him without his knowledge."

How, may we ask, can the filing of appellant's brief three days before the time of its filing has expired and the service of a copy thereof on the appellee on the last day for such filing, as was done in this case, delay the consideration and disposition of the appeal. Nor does such procedure shorten the appellant's time for filing his answer brief in view of the holding in the Curtis case that "it would be unreasonable to hold that appellee's time might run against him without his knowledge."

It is true that the appellant failed to make proof of service of a copy of his brief on the appellee simultaneously with the filing thereof in the clerk's office. We have searched in vain for a decision dismissing an appeal for that reason alone when as a matter of fact the appellee was furnished with a copy of the appellant's brief within the time allowed for filing the same. In *Wright* v. *Hines, supra,* a copy of the appellant's brief was served on the appellee the day after the time allowed for filing thereof has expired. In dismissing the appeal this court quoted and relied upon Rule 2-13 which requires one party to serve upon the other a copy of any motion, petition or brief in support thereof within the time allowed for the filing thereof and held that "the mailing of the proof to the

appellee's attorneys on the last day of filing is not compliance with this rule unless the brief is received by them the same day." If Rule 2-13 is applicable to the present situation, and it surely is if it was applicable in the Wright case, the appellant was required to make proof of service of a copy of his brief on the appellee at the time he filed it or "promptly thereafter." Five days later, in our opinion, is "promptly thereafter."

The appellee next contends that the bill of exceptions containing the evidence is not in the record because it was filed before it was signed by the trial judge. This contention is refuted by the order-book entry of September 17, 1956, which we quote as follows:

"Comes now the plaintiff, Roosevelt Fisher, by his attorneys, Griffith, Bates & Hancock, and comes now the defendant, Mack Driskell, by his attorneys, Ortmeyer, Bamberger, Ortmeyer and Foreman, and the plaintiff having heretofore filed with the Clerk of the Warrick Circuit Court, his notice of appeal to the Appellate Court of Indiana, and a written præcipe having been filed with the Clerk of this court requesting that said Clerk prepare, make out, and certify a full true and complete transcript of the entire record in the above entitled cause for use on appeal of this cause to the Appellate Court of Indiana, and the plaintiff having presented his bill of exceptions containing the evidence to the Honorable Addison M. Beavers, trial judge and sole judge of this court in said cause within the time heretofore granted by the court and by the rules of the Appellate Court of Indiana for the tendering and filing of all bills of exceptions herein, and said bill of exceptions containing the evidence having been presented to the said Honorable Addison M. Beavers, trial judge and sole judge of said court in this cause. And said judge having duly examined said bill of exceptions containing the evidence and having been sufficiently advised in

the premises and said judge having found, signed and certified that said bill of exceptions containing the evidence is in all things correct and that it contains a full, true and complete record of all the evidence in the cause including the oral testimony of all the witnesses, all the exhibits, all the objections, rejections, motions, rulings and exceptions and having examined, approved, allowed and signed said bill of exceptions containing the evidence and having ordered the Clerk of this court to file said bill of exceptions containing the evidence and to make the same a part of the record in this cause on appeal to the Appellate Court of Indiana without copying, and said judge having found, signed and certified that said bill of exceptions containing the evidence is in all things correct, all within the time heretofore granted by the court and the rules of this court for the tendering and filing of all bills of exceptions herein and said bill of exceptions containing the evidence is now by order of the court ordered, filed and the same is now filed in the office of the Clerk of this Court and is made a part of the record in the cause herein. "All done this 17th day of September, 1956."

We note one irregularity in the longhand manuscript of the record. The judge's certificate to the bill of exceptions containing the evidence immediately precedes said bill rather than immediately following it. The appellee contends that the judge's certificate authenticates only that part of the bill which precedes it and therefore the evidence in the present case is not in the record. In support of this contention he cites the following: *The McCormick Harvesting Machine Company* v. *Gray* (1888), 114 Ind. 340, 16 N. E. 787; *Everman* v. *Hyman* (1900), 26 Ind. App. 165, 28 N. E. 1022. Neither of these cases specifically so holds and while it is unquestionably the law that the bill must be presented to the judge and settled and signed by him before it can be made a part of the record, we have found no case that specifically holds that

where that was in fact done the judge's certificate to that effect must be attached at the end of the bill in order to bring the same into the record. The important thing is that the judge shall settle the bill, i.e., make it speak the truth, sign it and cause it to be filed with the clerk. If the record affirmatively shows those things to have been done in that order appellate procedure is satisfied. We know of no law that precludes a judge from certifying a following document as well as a preceding one so long as the identity of the document certified is clear.

Petition for rehearing denied.

OPINION ON THE MERITS.

COOPER, J.—This was an action brought by the appellant against the appellee for personal injuries and property damage alleged to have been sustained as the result of the appellee's negligence in the operation of a motor vehicle. There was a jury trial and a verdict and judgment in favor of the appellee on both of the paragraphs of the appellant's complaint. This appeal followed a denial for a motion for a new trial.

The error assigned is the overruling of the appellant's motion for a new trial.

There were seven separate and distinct grounds in the appellant's motion for a new trial. The argument section of the appellant's brief does not discuss any points or authorities with reference to six of the causes of the appellant's motion for a new trial and in oral argument before this court, the appellant admitted that any alleged error with respect thereto was waived.

This leaves only number 3(a) of the appelant's

motion for a new trial, relating to certain rulings of the trial court, for us to consider.

The rulings objected to were made upon cross examination of the plaintiff wherein he was trying to establish an allegation of his second paragraph of complaint, namely, that "plaintiff's automobile was damaged beyond repair."

Appellant complains of the action of the trial court in overruling his objections to the following three questions. The questions, the objection and the court rulings on each of the same are as follows:

"Q. Now did you have the car repaired there?
"A. No.
"Q. And was the car repaired?
"OBJECTION." (by counsel)
"Your Honor, I object to that. That has nothing whatsoever to do with this. What happened after that.
"COURT:
"I will overrule the objection."

The basis of the appellant's objection to the second question is in substance approximately the same as in the first question. The crux of the objection being, ". . . whether the automobile was repaired and what it was repaired with is certainly immaterial in this cause of action."

"Q. And what was it repaired with?
"OBJECTION:" (by counsel)
"Your Honor, I am objecting to that question on the grounds that what happened to whether the automobile was repaired and what it was repaired with is certainly immaterial in this cause of action.
"COURT:
"I will overrule the objection."

. . .

"Q. In other words it was repaired with the same kind of an automobile.

"OBJECTION:" (by counsel)

"Your Honor, I am objecting to that question because unless it shows it was repaired by the defendant it is certainly immaterial in this case.

"COURT:

"I will overrule the objection. Read the question."

Thus, as it is apparent that the same questions of law are involved in each of the appellant's foregoing objections to the three questions, we shall discuss them jointly.

The rule of law regarding the sufficiency of the objections to the admission of evidence is well established in our state. It is stated in *Fame Laundry Co.* v. *Henry* (1924), 195 Ind. 453, 461, 144 N. E. 545, "When objections are made to the admission of evidence the grounds of the objection must be fully and definitely stated." Citing authorities.

In commenting upon the above rule of law, our court, in the case of *Gary Fish Co.* v. *Leisure* (1951) (T. D. 1952), 122 Ind. App. 190, 195, 102 N. E. 2d 209, stated:

"The reasons for the rule are: First, that the court under the pressure of trial may intelligently rule on the objection, and second, that counsel for the opposing party may have the opportunity to obviate the objection if well taken."

Our court further stated:

"No specific ground or rule of law governing the admissibility of the particular evidence sought to be elicited from the witness was incorporated in the objection. We are constrained to hold that the objection was fatally defective in that it failed to 'fully and definitely' state the grounds on which it was based, and that the trial court committed

no error in permitting the question to be answered."

The appellant in his objections does not state any specific ground or rule of law governing the admissibility of the particular evidence sought to be elicited from the witness or in what manner it was legally incompetent or prejudicial to him. Such is necessary in making a valid objection to save any question for review in this court.

Our courts have held in many cases that objections to evidence to be available for review must be reasonably specific and that a general objection that the evidence sought to be solicited by a question is immaterial, irrelevant, incompetent or improper does not afford a basis for a review on appeal. *Vanosdol, Receiver* v. *Henderson, Admr.* (1939), 216 Ind. 240, 22 N. E. 2d, 812; *City of Michigan City* v. *Werner* (1916), 186 Ind. 149, 114 N. E. 636; *The Evansville and Richmond Railroad Company* v. *Fettig* (1891), 130 Ind. 61, 29 N. E. 407; *Heap* v. *Parrish* (1885), 104 Ind. 36, 3 N. E. 549; *The Louisville, New Albany and Chicago Railway Co.* v. *Jones* (1886), 108 Ind. 551, 9 N. E. 476; *McKinsey* v. *McKee* (1886), 109 Ind. 209, 9 N. E. 771.

The record before us affirmatively shows that the objection now raised by the appellant in his briefs and oral argument before the court was not presented to the trial court, and, therefore, the objection cannot be considered here on appeal for the first time. *Gary Fish Co.* v. *Leisure, supra; In Re Collinson's Estate* (1950), ... Ind. App. ..., 93 N. E. 2d 207; *Craig, Exrx.* v. *Citizens Trust Company* (1940), 217 Ind. 434, 26 N. E. 2d 1006.

The trial court committed no error in overruling the objections.

Judgment affirmed.

NOTE.—Reported in 153 N. E. 2d 605.

Dissenting opinion on denial of motion to dismiss 143 N. E. 2d 114.

Rehearing denied on motion to dismiss 144 N. E. 2d 161.