## AUTOMOBILE UNDERWRITERS, INC. *v.* SOUTHERN OIL TRANSPORTATION COMPANY, INC.

[No. 19,241. Filed Januay 22, 1962. Rehearing denied March 5, 1962.]

*O'Neill, Scott & Schrenker,* of Anderson, for appellant.

*Conrad S. Arnkens, Joan C. Bashaw,* both of Anderson, *Batton, Harker, Kiley & Osborn,* of Marion, *John P. Price, Robert Hollowell,* and *Hollowell & Hamill,* of counsel, all of Indianapolis, for appellee.

RYAN, C. J.—Plaintiff-appellee filed its complaint alleging in substance that the defendant-appellant was a corporation engaged in the business of issuing policies of automobile insurance and that it so issued a policy to one Everett J. Chalfant. That the policy contained a provision that any person or organization who has secured a judgment against the assured shall thereafter be entitled to recover under the policy to the extent of the insurance afforded thereby. The complaint further alleges that the assured, Chalfant, struck and damaged a tractor-trailer owned by the appellee, and that a claim was filed by the appellee against Chalfant's estate, which was disallowed. That thereafter a trial was had and a judgment entered against the estate of Chalfant in the Madison Circuit Court, and that the judgment was returned unsatisfied.

The appellee then prayed for a judgment against the appellant herein. The appellant filed its answer, Paragraph 1 being under Rule 1-3, and a second paragraph alleging that the appellant relied on the truth and accuracy of Chalfant's statements, representations and warranties made in the application for such insurance and that upon learning the same were false gave notice to the executrix of Chalfant's estate of its election to declare the policy void and refund all premiums paid.

It further alleged that it would not have issued the policy, and

"Defendant further alleges that by reason of the misrepresentations of said Chalfant, as aforesaid, and by reason of the falsity of the statements and warranties so made, the said policy of insurance was void and of no effect from its issuance."

Trial was had before a jury, which resulted in a judgment for the appellee. Appellant filed its motion for a new trial which was overruled, and now assigns as error the overruling of its motion for a new trial.

The motion for a new trial specifies as error that the verdict of the jury is not sustained by sufficient evidence; is contrary to law; that the court erred in overruling the motion for a directed verdict; that the court erred in giving over defendant's objection Plaintiff's Instructions No. 1, 9, 10, 15 and 21, and that the court erred in admitting Plaintiff's Exhibits No. 8, 14 and 15.

On appeal, this court views the evidence most favorable to the party procuring the judgment, and without weighing the same we indulge in all reasonable presumptions and inferences afforded thereby. *Randolph* v. *Sanders, Admx. etc. et al.* (1959), 130 Ind. App. 41, 161 N. E. 2d 772. An examination of the evidence adduced at the trial reflects that there was sufficient evidence of probative value to sustain the verdict rendered by the jury.

As to Specification No. 2, we are presented with the question as to whether under the evidence appellant was entitled to relief which was denied it by the court, that is, that the court applied wrong principles of law to the facts established by the evidence or that the evidence is without conflict and leads inescapably to but one reasonable conclusion, contrary to that of the one reached below. *Candy,*

*Administrator* v. *Hanmore* (1881), 76 Ind. 125, 128; *Losche & Sons* v. *Williams & Associates* (1948), 118 Ind. App. 392, 395, 78 N. E. 2d 447; *Wilson, Admx.* v. *Rollings* (1938), 214 Ind. 155, 158, 14 N. E. 2d 905; *Pokraka* v. *Lummus Co.* (1952), 230 Ind. 523, 532, point 7, 104 N. E. 2d 669.

Again a careful review of the record before us constrains us to hold that more than one reasonable conclusion could have been drawn from the evidence adduced at the trial. This being so, we can not as a matter of law say that the verdict of the jury was contrary to law.

As to Specification No. 3, the motion for a directed verdict is not presented to us in the appellant's brief, and any ruling by the court is therefore waived. ■ *State ex rel. Penrod* v. *French* (1943), 222 Ind. 145, 51 N. E. 2d 858; *King Jagello Corp.* v. *Torowicz, Admx.* (1936), 101 Ind. App. 390, 199 N. E. 426; *Martin* v. *Goldsberry* (1943), 113 Ind. App. 146, 47 N. E. 2d 162.

Appellant's specifications numbered 4 through 8 assert error by the court in the giving of certain instructions. It appears that appellant has ■ omitted to set out in his brief several instructions. We have many times held that the failure to incorporate in the brief the instructions given by the court precludes us from determining the errors claimed by an appellant with reference thereto. *Iterman* v. *Baker* (1938), 214 Ind. 308, 319, 15 N. E. 2d 365; *Smith* v. *Gerner* (1949), 119 Ind. App. 247, 249, 85 N. E. 2d 516; *Haven* v. *Snyder* (1931), 93 Ind. App. 54, 176 N. E. 149; *The M. S. Huey Company* v. *Johnston* (1905), 164 Ind. 489, 73 N. E. 996; *Hall* v. *State ex rel. Freeman* (1944), 114 Ind. App. 328, 52 N. E. 2d 370.

Rule 2-17 (d) of the Supreme Court of Indiana provides that when error is predicated on the giving or refusal of instructions, the "statement of the record [in appellant's brief] must contain, in addition to those complained of, all the instructions given or tendered which have a bearing upon the questions raised." It is not the duty or obligation of this court to depart from the brief and search the record to determine whether the instructions set out by appellant in his statement of the record are the only instructions having a bearing on the questions raised. It behooves the appellant to make error by the record and this can only be done by adherence to the rules and by a brief or briefs which properly demonstrate the error asserted.

It is not sufficient that the appellant shall say that the instructions set forth in his brief are the only ones having a bearing on the questions raised. Such statement is but the conclusion of the appellant. Reliance upon such conclusions without personal reference by this court to the record proper, would most surely often lead us to regrettable error with consequent miscarriages of justice. It follows, therefore, that we are deprived of the privilege of determining the questions sought to be presented by specifications numbered 4 through 8 of appellant's motion for a new trial.

Specifications numbered 9, 10 and 11, concerning the admission of exhibits in evidence, are not argued and therefore present no question for review.

Judgment affirmed.

Ax, Cooper, and Myers, JJ., concur.

NOTE.—Reported in 179 N. E. 2d 581.