ALLISON *v.* BOLES.

[No. 20,669. Filed November 13, 1967. Transfer denied December 18, 1967.]

*William M. Evans*, of Indianapolis, *Gilbert W. Butler*, of counsel, of Martinsville, *Bose, Buchanan, McKinney & Evans*, of counsel, of Indianapolis, for appellant.

*James J. Stewart, Kent O. Stewart*, of Indianapolis, *John E. Hurt*, of Martinsville, *Murray, Stewart, Irwin & Gilliom*, of Indianapolis, of counsel, for appellee.

Cooper, J.—This is an appeal from an action brought by the Appellee against the Appellant to recover damages for the death of his two minor children, ages seven and eight, allegedly caused by the negligent operation of a motor vehicle by the Appellant.

The cause was submitted to the Court without the intervention of a jury and at the conclusion of all the evidence, the trial court rendered judgment for the Plaintiff-Appellee in the sum of Twenty Five Thousand ($25,000.00) Dollars, as damages for the death of his two children. Thereafter the Appellant filed a motion for a new trial, which was overruled and that ruling is the sole assignment of error in this appeal.

The Appellant's Motion for New Trial avers as error:

"1. Error in the assessment of the amount of recovery in the action for injury to the property right of the plain-

tiff in the earnings of his two deceased children, that the amount was too large, and adversely affects the substantial right of the defendant;

"2. The decision of the court is not sustained by sufficient evidence;

"3. The decision of the court is contrary to law;

"4. Error of law occurring at the trial, as follows:

"(a) The court erred in sustaining the objection of the Defendant to a question propounded by the Plaintiff during the direct examination of Paul Rolls, a witness called on behalf of the Plaintiff, and then subsequently reversing itself and stating that it would in fact consider as evidence in this cause the answer this witness assertedly would have given, as recited in the offer to prove of the Plaintiff's counsel. The question, objection, ruling of the court sustaining this objection, offer to prove, ruling on the offer to prove, and a subsequent ruling of the Court that it would consider this offer to prove as evidence in this cause are set forth in the underlined portions on pages 3, 4, 9, 10, 11 and 18 of a draft of the trial transcript attached hereto and made a part hereof as 'Exhibit A'.

"(b) The court erred in stating that it would consider as evidence in this cause a statement of Plaintiff's counsel made on behalf of Paul Rolls, a witness called on behalf of the Plaintiff, which statement was all that was ever offered at the trial on the earning prospects of Plaintiff's two deceased children, but which was never admitted into evidence. The question, objection, ruling of the court sustaining this objection, offer to prove, ruling on the offer to prove, and a subsequent ruling of the Court that it would consider this offer to prove as evidence in this cause are set forth in the underlined portions on pages 3, 4, 9, 10, 11 and 18 of a draft of the trial transcript attached hereto and made a part hereof as 'Exhibit A'.

"(c) The Court erred in stating it would consider as evidence in this cause certain unsworn statements of Plaintiff's counsel contained in this offer to prove, relating to the earning prospects of Plaintiff's two deceased children, which statements were never introduced into evidence. The question, objection, ruling of the court sustaining this objection, offer to prove, ruling of the court on the offer to prove, and a subsequent ruling of the court that it would consider this offer to prove as evidence in this cause, are set forth in the underlined portions on pages 3, 4, 9, 10, 11

and 18 of a draft of the trial transcript attached hereto and made a part hereof as 'Exhibit A'.

"(d)  The court erred in considering as evidence in this cause the answer Paul Rolls, a witness called on behalf of the Plaintiff, assertedly would have given to a question or questions directed to him by Plaintiff, which constituted all that was offered at the trial on the earning prospects of Plaintiff's two deceased children, for the reason that this witness was wholly incompetent and unqualified by training or experience or personal knowledge to give any testimony as to the future earning prospects of Plaintiff's two deceased children. The question, objection, offer to prove, ruling on the offer to prove, and a subsequent ruling of the court that it would consider this offer to prove as evidence in this cause are set forth in the underlined portions on pages 3, 4, 9, 10, 11 and 18 of a draft of the trial transcript attached hereto and made a part hereof as 'Exhibit A.'

"(e)  The court erred in considering as evidence in this cause a statement of Plaintiff's counsel made on behalf of Paul Rolls, a witness called on behalf of the plaintiff, which statement was all that was ever offered at the trial on the earning prospects of plaintiff's two deceased children, for the reason that this statement did not relate in any way to the facts and circumstances of this particular case, or to the earning prospects of Plaintiff's two deceased children, or to the earning prospects of any one, in the future. The question, objection, ruling of the court sustaining this objection, offer to prove, ruling on the offer to prove, and a subsequent ruling of the court that it would consider this offer to prove as evidence in this cause, are set forth in the underlined portions on pages 3, 4, 9, 10, 11 and 18 of a draft of the trial transcript attached hereto and made a part hereof as 'Exhibit A.'

"(f)  The court erred in failing or refusing to consider competent and uncontradicted evidence of the costs the plaintiff would have incurred to support and maintain his two deceased children, until their majority."

The first specification of error raised by the Appellant is that the amount of recovery is excessive. We cannot agree with the Appellant's contention that an award of Twenty Five Thousand ($25,000.00) Dollars as damages in this case for the destruction of the Appellee's property rights was excessive. The property right which was

destroyed was the plaintiff's legal right as the father of his two children, to their earnings until their maturity. The children were of the ages of seven and eight at the time of their unfortunate deaths.

Our courts have held in similar cases that the very nature of the action, the tender youth of the deceased and the uncertainty both of the length of the child's life and of its capacity of attainment while experiencing that life, renders impossible the exact proof of loss sustained by the parent. As a result, our law has recognized that such damages are incapable of determination by any mathematical or exact rule and the determination thereof must be left to the wisdom of the court or jury trying said cause, even though the verdict may be predicated upon a semblence of conjecture. *Hahn et al.,* v. *Moore* (1956), 127 Ind. App. 149, at 163, 164, 133 N. E. 2d 900; *Clevenger* v. *Kern* (1935), 100 Ind. App. 581, 584, 197 N. E. 731.

We do not deem it to be necessary to set forth the evidence relating to the potential earnings of the unfortunate children of the Appellee, but believe it sufficient to state that in reviewing such evidence in the record, we are of the opinion that the judgment of Twenty Five Thousand ($25,000.00) Dollars was well within the scope authorized by the evidence and the rules of law applicable thereto.

The rule is well established in this state that where the reasonable amount of recovery is in dispute under the evidence, the amount awarded cannot be considered excessive if it is within the scope of the evidence before the court. *First Bank & Trust Company of South Bend, Executor of the Estate of Spiro* v. *Tellson* (1954), 124 Ind. App. 478, 484, 118 N. E. 2d 496.

The amount of the judgment in this case does not seem to be excessive, when we recognize that the trial court was aware, as is this court, of the current inflated economy and the depreciated value of the dollar. The general rule of law

applicable which has been the one recognized for over a hundred years, is to be found in the case of *Coleman* v. *Southwick* (1812), 9 Johns N. Y. 45, 6 Am. Dec. 254, wherein Chancellor Kent stated:

> "It is not enough to say, that in the opinion of the court, the damages are too high and that we would have given much less. It is the judgment of the jury, and not the judgment of the court, which is to assess the damages in actions for personal torts and injuries . . . The damages, therefore, must be so excessive as to strike mankind, at first blush, as being beyond all measure, unreasonable and outrageous, and such as manifestly show the jury to have been actuated by passion, partiality, prejudice, or corruption. In short, the damages must be flagrantly outrageous and extravagant, or the court cannot undertake to draw the line, for they have not standards by which to ascertain the excess."

With regard to Appellant's specification #2 of his motion for a new trial, on appeal this court views the evidence in the record most favorable to the party procuring the judgment and without weighing the evidence in the record, we indulge all favorable presumptions and inferences in support of the judgment below. *Randolph* v. *Sanders, Administratrix, etc., et al.* (1959), 130 Ind. App. 41, 161 N. E. 2d 772; *Automobile Underwriters, Inc.* v. *Southern Oil Transportation Company, Inc.* 133 Ind. App. 130, 132, 179 N. E. 2d 581.

In reviewing the evidence introduced at the trial below, we are of the opinion that there was sufficient evidence of probative value to sustain the judgment rendered by the trial court.

The Appellant's third specification in his motion for new trial alleges that the judgment was contrary to law. This presents the question of whether, under all the evidence, the Appellant was entitled to relief which was denied to him by the trial court.

It is only when the trial court applies the wrong principles of law to the facts established by the evidence, or stated differently, it is only where the evidence is without conflict ■ and can lead to but one conclusion, and the trial court has reached an opposite conclusion, that the decision of the trial court will be set aside on the ground that it is contrary to law. *Hinds, Executor of Estate of Sickels, Deceased, v. McNair, et al.*, (1955), 235 Ind. 34, 41, 129 N. E. 2d 553; *Pokraka et al. v. Lummus Company* (1952), 230 Ind. 523, 532, 104 N. E. 2d 669.

In reviewing the record in this case, we do not believe the Appellant was denied any relief to which he was entitled under the evidence. Therefore, we cannot say that the judgment was contrary to law.

The substance of Appellant's specification 4 (a), (b), and (c) of his motion for new trial is an averred error in the trial court's announced intention to consider at the Appellee's request, an offer to prove made earlier by the Appellee. The record disclosed the following:

"COURT: Here again we get into speculation and as to the hypothetical question, I think you are right. We get into the future and speculation and all that in a sense, and, now we have the present, but it is projected over a long period of time. It is speculative, and, maybe we should have some evidence in the record on both sides and yet we have to be careful."

"MR. STEWART: If the Court is willing to take into consideration our offer to prove, we will withdraw our objection to this question."

"COURT: I think I will do that. We have a record to go on, and I don't think either side will be hurt and I have to have something from both sides and I will do that."

"MR. STEWART: I will then withdraw my objection and permit the witness to answer the question."

After the above statements were made, the Appellant continued with his questioning of the witness then on the stand

and did not raise any objection to the trial court's said announced intention.

We find the rule applicable well stated in Works' Indiana Practice, Lowe's Revision, Vol. 4, Sec. 70.94, p. 700 as follows:

> "If a party knowingly permits the court to proceed erroneously in a case without objection, he cannot afterwards be permitted to object upon the ground that such action of the court was erroneous."

This court has repeatedly held that an objection not raised on the trial court level cannot be considered for the first time on appeal. *Fisher* v. *Driskell* (1958), 129 Ind. App. 29, 153 N. E. 2d 605; *Gary Fish Co.* v. *Leisure* (1951), 122 Ind. App. 190, 102 N. E. 2d 209; *Craig, Executrix,* v. *Citizens Trust Company, et al.,* (1940), 217 Ind. 434, 26 N. E. 2d 1006.

The Appellant's specifications of error numbered 4 (d) and (e) of his motion for new trial relate to alleged errors of law occuring at the trial. From the argument advanced by the Appellant in his brief it appears that he considered one of the plaintiff's witnesses to be incompetent to give "Testimony as to the future earning prospects of Plaintiff's two deceased children." We cannot agree with this contention, since the rule is that it is always within the province of the trial court to determine as to the competency of a witness and "there is and can be no fixed standard as to the amount or kind of knowledge required to classify any witness as an expert, but if he is shown to have such knowledge as to render him competent to give an opinion on the matter before the court, he will be considered an expert." *Lowe's Revision of Work's Practice and Pleading,* 4th Edition, Vol. 3, Sec. 48.18, p. 185; *Tomchany* v. *Tomchany* (1962), 134 Ind. App. 27, 30, 185 N. E. 2d 301; *Public Utilities Company* v. *Handorf* (1916), 185 Ind. 254, 262. *Utilities Company* v. *Handorf* (1916), 185 Ind. 254, 262, 112 N. E. 775.

We have elsewhere in this opinion disposed of Appellant's item (f) of specification number 4 of his motion for a new trial.

We realize that rules of practice and procedure are necessary for the orderly conduct of litigation and as aids to the administration of justice. It is no hardship to require of courts and litigants substantial conformity to reasonable rules.

It is possible, however, by an over rigid and strict enforcement of the rules of practice to make them hinderances to the doing of justice, rather than aids. We are of the opinion that when a substantial controversy in fact exists between the parties, which is so presented that the trial court can apply the law and adjust their rights, it would not be in accordance with the spirit of an enlightened jurisprudence to refuse to do so, merely because of some slight informality of a failure by one party or the trial court to comply strictly with the rules of practice in matters where the informality or omission will not work injustice, be prejudicial to the rights of the parties, or impose any unjust hardship upon the opposite party. Thus applied, the most beneficient rule might often serve as intrenchments of injustice.

While we are not approving the unorthodox procedure of the trial court as set out above, we do not believe the ends of justice would be served by reversing this cause, especially since the Appellant did not object to it at the proper time. Our Supreme Court in the case of *Harker, et al.,* v. *Eisenhut* (1937), 212 Ind. 67, 70, 6 N. E. 2d 963, said:

" 'If a party, knowing of a valid objection to a proceeding, neglects to avail himself of it, and stands by or participates therein until a result is reached adverse to his interest, it is but justice that he should bear the consequences which his own folly has suffered to occur.' State v. Gilkison (1935), 208 Ind. 416, 196 N. E. 321."

For the reasons above stated, the judgment of the trial court is affirmed.

Carson, P. J., Faulconer, J., and Prime, J., concur.

NOTE.—Reported in 230 N. E. 2d 784.