## MASEPOHL ET AL. v. HEIMBACH.

[No. 6,424.    Filed May 12, 1909.]

1. PLEADING.—*Answer.*—*Special.*—*Possession of Real Property.*— Under statutes for the recovery of the possession of land, defendant may deny possession specially.  p. 633.

2. TRIAL.— *Action for Possession.*— *Defense.*— *Evidence.*— *Possession.*—Where defendant in an action for possession makes defense, the plaintiff need not prove defendant's possession (§1102 Burns 1908, §1056 R. S. 1881).  p. 633.

3. TRIAL.—*Withdrawing Case from Jury.*—*Judgment on Pleadings.* —*Possession.*—*Quiet Title.*—In an action for possession, and for quieting title, the defendants answering specially that they disclaim title and deny having possession, it is not erroneous for the court to withdraw the case from the jury and to render judgment for plaintiff on the pleadings.  p. 633.

From Lake Superior Court; *Harry C. Tuthill,* Judge.

Action by Katie Heimbach against Franz Masepohl and another.  From a judgment for plaintiff, defendants appeal.  *Affirmed.*

*Crumpacker & Moran,* for appellants.
*William J. Whinery* and *John O. Bowers,* for appellee.

WATSON, C. J.—Action brought by appellee under the statute to recover possession of and to quiet title to a part of a lot located in the city of Hammond, Indiana.  The complaint was in two paragraphs.  The first paragraph alleges that plaintiff is, and for many years past has been, the owner in fee simple of and entitled to the immediate possession of the south seven feet of lot No. 15 in Kleihege's addition to Hammond, Lake county, Indiana; that the defendants and each of them are wrongfully in possession of said real estate; that said defendants, not having any right, title or interest in said property, the whole of the legal and equitable title thereof is in the plaintiff; that, by reason of said unlawful possession of said real estate by said defendants, plaintiff is and has been damaged in the sum of

$500. The second paragraph is to quiet title to the before described land in the plaintiff. Separate answers of general denial were filed by the defendants, Franz Masepohl and Anna Masepohl. Subsequently, Franz Masepohl withdrew his general denial, and filed an answer in two paragraphs, the first of which admits the allegations of the complaint, excepting that Franz Masepohl is in possession of the premises therein described. The second paragraph went out on demurrer. Anna Masepohl then withdrew her general denial, and filed an answer in one paragraph, wherein she disclaims any interest whatever in the property, excepting as the wife of her codefendant, Franz Masepohl, and denies that she has been or now is in possession of the same.

Upon these pleadings, the court withdrew the case from the jury and rendered a finding and judgment for the plaintiff. As to the action of the court in thus withdrawing the case from the jury, the appellants say in their brief: "The main point at issue in this appeal is the action of the Lake Superior Court in withdrawing the submission of the cause from the jury and finding for the appellee on the pleadings."

Appellants contend that, under the statute for the recovery of the possession of real property, the defendants are permitted to deny possession specially. And this is true; but such is not the case at bar. Here defendants not only deny possession, but affirmatively admit plaintiff's title. If the defendant makes a defense, proof of possession is unnecessary (§1102 Burns 1908, §1056 R. S. 1881), and the burden is on the defendants to show a lawful possession. *Carver* v. *Carver* (1884), 97 Ind. 497.

We are unable to see wherein defendants' answers make such a showing. In fact, they show the very reason why they are not entitled to possession, by admitting plaintiff's title in the land. Under §1103 Burns 1908, §1057 R. S. 1881, the plaintiff is required to recover,

if at all, on the strength of her own title. Where the defendants, as in this case, admit plaintiff's title and set up no defense by reason of which they are entitled to possession, the action of the lower court in withdrawing the case from the jury and finding for the plaintiff was not error for which this cause should be reversed.

The judgment is therefore affirmed.