## SMITH *v.* KEYES.

[No. 15,575.   Filed June 15, 1937.]

*Hottel, Mote & Smith,* for appellant.
*Frank Fairchild,* for appellee.

KIME, J.—The appellee filed a complaint in one paragraph seeking a judgment for damages to an automobile, owned by her, with which she alleged the appellant's automobile collided. The appellant filed a general denial to this complaint and a cross-complaint wherein he asked a judgment for damages to his automobile caused by the alleged negligence of the driver of the appellee's automobile. The appellee filed a motion to strike the cross-complaint from the files, which was sustained. On the issues formed by the original complaint and answer in general denial the cause was tried and the jury returned a verdict for $200.00 in favor of appellee, on which judgment was rendered.

Following a motion for new trial which was overruled this appeal was perfected. The errors properly assigned were that the court erred in overruling the motion by the appellant to require appellee to file an additional cost bond; in sustaining appellee's motion to strike ap-

pellee's cross-complaint from the files and in overruling the appellant's motion for new trial.

The motion for new trial contained sixty-six grounds, among which were that the decision was not sustained by sufficient evidence; that it was contrary to law; that the damages were excessive; error of the court in refusing to suppress the deposition of appellee's son (the driver of the car), and error in the admission and rejection of certain evidence.

The evidence most favorable to the appellee discloses that appellee's minor son was driving a five-year-old automobile in September, 1933, in Kansas in a westerly direction and the appellant, also a minor, was driving a five-year-old automobile on the same road in an easterly direction; that the country road on which they were both traveling was narrow and the collision occurred by reason of appellant driving too far to his left and upon the portion of the road that should have been reserved for the automobile of the appellee, and that by reason of such negligence the automobile of the appellee was damaged in the sum of $200.00. That appellee was a resident of Colorado and the appellant of South Africa and that appellant was at that time a student in Indiana.

Shortly after the complaint was filed a motion was filed on behalf of the appellant to require the appellee to file a cost bond or *other security* for costs. This was sustained and the court ordered the appellee to deposit the sum of $15.00 in cash to cover the costs, which was done. Following this the appellant filed a motion to require the appellee to file an additional bond and it is the overruling of this motion that the appellant assigns as error. This is not reversible error. The statute gives the trial court discretion as to the amount that should be deposited in lieu of a bond for costs and the court did not abuse this discretion. Acts

1895, ch. 145, §130, p. 319, being §2-4709 Burns 1933, §7581, Baldwin's 1934, Acts 1881 (spec. sess.), ch. 38, §856, p. 240, being §2-4711 Burns 1933, §1214 Baldwin's 1934, Acts 1905, ch. 20, §1, p. 20, §2-4712 Burns 1933, §1213 Baldwin's 1934.

The court did not commit reversible error in sustaining appellee's motion to strike appellant's cross-complaint from the files. Through the cross-complaint the appellant sought to recover for property damage arising out of the collision and since he was permitted to introduce all evidence which would have been available under the cross-complaint and upon this evidence the jury found that his negligence was the proximate cause of the collision which resulted in the injury to his car he could not have recovered in any event and the error was harmless. *Opple* v. *Ray* (1935), 208 Ind. 450, 195 N. E. 81.

There was sufficient evidence to sustain the verdict and it was not contrary to law. There was sufficient evidence as to the amount of the damages to warrant the jury in returning the verdict of $200.00, and it was not excessive.

The appellant contends that the deposition of the appellee's son should have been suppressed for the reason that there was not sufficient time given because the notice was served on the 22nd day of October in Indianapolis to the effect that the deposition would be taken on the 26th day of October in Boston, Massachusetts. In *Fitzpatrick et al.* v. *Papa* (1883), 89 Ind. 17, the court held that in 1883 that from December 20 to 26 was sufficient time to travel from Fort Wayne, Indiana, to Topeka, Kansas, with the existing facilities for traveling in that year. In view of this case it was not error for the court to refuse to suppress the deposition in light of present-day modes of travel from Indianapolis, Indiana, to Boston, Massachusetts.

The appellant also complains because the appellee was allowed to testify as to the value of the automobile prior and subsequent to the collision. Without entering into a detailed discussion of this it is sufficient to say that even if the court had not permitted this evidence there was other evidence in the record from which the jury could have found the damage sustained.

The appellant also complains of the admission of testimony of the appellee's son wherein he testified that certain marks upon the road were the tire marks of the automobile being driven by him. Appellant contends that this was a conclusion. The appellant fails to distinguish a conclusion from an observation of a fact, to which this witness was testifying and the admission of such testimony was not erroneous. *Grossnickle* v. *Avery* (1933), 96 Ind. App. 479, 152 N. E. 288, 154 N. E. 395, 79 A. L. R. 1274, 92 A. L. R. 475.

As to the remainder of the sixty-six grounds of the motion for new trial some are properly presented and many are not, but nevertheless we have examined them carefully and are of the opinion that the court did not commit reversible error in any of its rulings and that it would serve no useful purpose to enumerate each and every one here.

Finding no reversible error, the judgment of the Marion Municipal Court is in all things affirmed.