## LECKRONE *v.* LAWLER.

[No. 18,448.  Filed March 31, 1954.  Rehearing denied May 14, 1954.  Transfer denied October 21, 1954.]

*Asa Leckrone,* of Warsaw, and *Charles C. Campbell,* of Rochester, for appellants.

*Widaman & Widaman,* of Warsaw, and *Albert B. Chipman,* of Plymouth, for appellees.

KELLEY, J.—This is an action for possession of real estate and damages for wrongful detention thereof brought by appellants against appellees on June 27, 1950. Upon trial of the issues, appropriately made, the court found requested special findings of fact and entered four conclusions of law thereon, favorable to appellees. A conditional judgment for appellees followed, which was afterward made final pursuant to our certification to the clerk for such purpose.

Appellants assign as error the overruling of their motion for a new trial and that the court erred in its conclusions of law numbered 1, 2 and 3. The new trial motion contained 5 specifications, only one of which presents any question, namely: that the finding of the court is contrary to law. As the finding was negative to appellants who had the burden of proof, they cannot challenge the insufficiency of the evidence to sustain the finding, *Myers* v. *Brane* (1944), 115 Ind. App. 144, 57 N. E. 2d 594; *Wilson, Admrx.* v. *Rollings, et al.* (1938), 214 Ind. 155, 158, 14 N. E. 2d 905. However, they may and do assert that the finding is contrary to law and thus is presented the question whether they were entitled, under the evidence, to relief which was denied to them by the finding. *Wilson, Admrx.* v. *Rollings, et al., supra.*

Appellees criticize appellants' brief as not complying with pertinent rules of the court and urge that the brief presents no question. That appellants' brief leaves much to be desired in many respects must be admitted. While the rules may not be

relaxed to the point that resort to the record becomes imperative to ascertain the substance of the grounds urged for reversal, yet if the brief, though deficient in technical form, contains a sufficient presentation to indicate a good faith effort on the part of the author to comply with the rules and enable us to judiciously comprehend the propositions advanced, we will be reluctant to fatally condemn it. Each of appellees' relevant animadversions have been thoughtfully weighed and we are constrained to hold that appellants' brief evidences a good faith effort to comply with the applicable rules. From it we may, and do, garner the projected legal propositions submitted for determination. *Aetna Life Insurance Co.* v. *Nicol* (1949), 119 Ind. App. 441, 444, 86 N. E. 2d 311.

The issues made at the trial presented for adjudication by the court the following questions: whether under the evidence appellants were entitled to possession of the real estate; whether appellees wrongfully detained the same from appellants and, if so, the damages, if any, resulting to appellants. The special findings of the court indicate that the determining factor in the case was whether the terms of a certain written lease afforded appellees rightful possession of the real estate, as lessees.

The court found, by Finding No. 1, that on or about July 3, 1939, one Theodore Parker entered into a written lease with appellees, which lease is made a part of the finding. It appears from the lease, as the same is incorporated in the finding, that said Parker, as first party, leased the real estate to appellees, as second parties, for the period from July 3, 1939 to July 3, 1949, and appellees covenanted to pay as rental fifty dollars in cash and "the balance of the rent of fifty (50) dollars" to be paid to Parker "within the last five (5)

years of the lease." Appellants derive their title to
the real estate from said Theodore Parker, and on April
13, 1942, the latter assigned all his right, title and
interest in and to said lease to the appellant, Irvin
Leckrone. The lease contained this provision:

> "It is further agreed that the party of the second
> part shall at the expiration of this lease have the
> first right to release the same plot at the same
> price of two (2) dollars per foot for any succeed-
> ing period of ten (10) years."

It seems needless to set out the lease in toto as the
determination of the substantive question raised on
this appeal in the main calls in question only said
quoted provision. By its Finding No. 7, the court found
that "under the lease set forth in Finding No. 1, the
defendants (appellees) are entitled to the first right to
another ten-year rental at the same rental rate and all
the other conditions contained in the lease."

The court further found in Findings Nos. 2 and 5
that appellees had paid the rent due under the original
lease (July 3, 1939 to July 3, 1949) and that appellees,
prior to July 3, 1949, had tendered appellants the sum
of $50.00 in cash as and for the $50.00 rental to which
appellants were entitled from the appellees for the
rental period of July 3, 1949 to July 3, 1959, and that
said tender was "refused" by appellants; that appellees
in open court at the hearing and during the trial offered
to pay the clerk of the court the sum of $100.00 as the
rental for said period of July 3, 1949 to July 3, 1959.
By Finding No. 9, the court provided that the appellees
"shall pay" to the clerk of the court the sum of $100.00
within ten days from the date of judgment.

Conclusion of law No. 3 was that "If" the *plaintiffs*
(appellants) pay said $100.00 to the clerk within ten
days from date of judgment, then plaintiffs (appel-

lants) shall be entitled to recover nothing further from the defendants (appellees). (Our emphasis.) It is obvious that the court mistakingly used the emphasized word "plaintiffs" for "defendants" and we read the conclusion as if the word "defendants" appeared in the place of "plaintiffs." The judgment of the court likewise provides for the payment of $100.00 by the appellees to the clerk. The record now shows that appellees made such payment.

Conclusion No. 1 was that the law is with the appellees; Conclusion No. 2 that appellees have not wrongfully occupied the real estate and have not unlawfully kept appellants out of the possession thereof; and Conclusion No. 4 was that "under the facts above found," the lease was extended for an additional 10-year period from July 3, 1949. We have previously referred to Conclusion No. 3.

The prevailing rule in Indiana has been declared to be that a lease provision giving the lessee the first right to re-lease does not vest in the lessee an absolute right to a further term, but only a preferential or prior right thereto in the event the lessor then desires to re-lease the premises, *Buddenberg* v. *Welch* (1933), 97 Ind. App. 87, 185 N. E. 865, and the appellees do not appear to contend to the contrary.

Instead, as we understand their brief, appellees urge three contentions, which are: (1) That under the lease the appellees had the right to erect cottages or buildings on the real estate and the right to remove them "during the life" of the lease, and that such provision shows an intention "of at least one renewal or release"; (2) That the burden of proof that they did not desire to lease the property on or immediately after July 3, 1949, was on appellants and, as the findings were silent

as to such desire of appellants, it is to be treated as a finding against appellants; and (3) That the present controversy between the parties was adjudicated by a prior judgment of the Wabash Circuit Court.

By their first contention appellees advance the unique proposition that the lease does not provide for removal of the buildings "before July 3, 1949," and, therefore, this "clearly shows an intention of at least one renewal or release." Since July 3, 1949, was the termination date of the original lease, we fail to appreciate the efficacy of this line of reasoning.

This is an action by appellants in ejectment for the possession of the described real estate. The appellees, by their answer, denied the allegations of the complaint and made defense to the action. Under such circumstances, the burden of proving lawful possession was upon the appellees. *Carver* v. *Carver* (1884), 97 Ind. 497, 519, 520; *Masepohl, et al.* v. *Heimbach* (1900), 43 Ind. App. 632, 88 N. E. 316; Burns' 1946 Replacement, §3-1315. Appellants put into evidence the lease in question. The lease, on its face, provided that the term thereof was from July 3, 1939 to July 3, 1949. Upon this prima facie showing, the onus shifted to appellees to prove that their continued possession beyond the term of the lease was lawful. However, the record is devoid of any evidence that appellants desired or had intended or attempted to further lease the premises to appellees or anyone else. It follows that the failure of the court to make a finding on that point does not constitute a finding against the appellants thereon and appellees' second contention cannot be sustained.

The record discloses that on June 30, 1949, three days prior to the expiration of the lease term, the appellees commenced an action against appellants in the

Kosciusko Circuit Court, later venued to the Wabash Circuit Court, in which appellees sought to reform the lease here involved. The complaint filed by appellees in said action sets out the major portion of the clause or provision of said lease which we quoted above and alleged, in substance, that it was the intention of the lessor, Theodore Parker, and the appellees, as lessees, by said provision, to give appellees an unconditional right to "renew the said lease" but that the draftsman by mistake "failed to properly clarify the intentions of the parties . . . ." Appellants answered said complaint and filed a further paragraph of answer "by way of cross-complaint," alleging, in substance, the execution of the lease and the assignment thereof to appellants; that appellees had violated the terms of the lease by fencing in parts of the property, constructing cess pool, cistern and well; building a cottage which appellees refused to remove before expiration of the lease term, and building a permanent well or foundation for said cottage. Appellants prayed that the "leasehold" be declared terminated and that they be declared entitled to the exclusive possession thereof.

The Wabash Circuit Court in said cause entered its finding that it "finds against the plaintiffs (appellees) on their complaint, *and for the defendants* (appellants), and that the defendants (appellants) recover their costs . . .", and rendered judgment that "plaintiffs (appellees) take nothing by their suit" and that defendants (appellants) recover their costs. (Our emphasis.) The trial court, in its said Finding No. 10, stated that "Said Wabash Circuit Court found against Claude G. Lawler and Effie K. Lawler on . . . their complaint for reformation and . . . against said Irvin Leckrone and Rose Leckrone on said answer and cross-complaint . . . ." Appellees now assert by their third

contention that this judgment adjudicated the matters now in dispute between the parties. The basis of their contention is that the Wabash Circuit Court failed to make a finding as to appellants' cross-complaint and that such failure constitutes a finding against the appellants who had the burden of proof on the cross-complaint.

Neither the record herein nor the findings of the court brought up on this appeal divulge that any answer was made by appellees to said cross-complaint in the Wabash Circuit Court or that any issue on said cross-complaint was ever submitted to that court for determination. For aught that appears in this record, said cross-complaint may have been dismissed or withdrawn before the hearing thereon.

While the record herein does not disclose that the proper issue was made or submitted so as to render such matters res adjudicata, it should be noted that the whole of appellants' cross action is set forth in the said Finding No. 10 of the trial court and from it we observe that the only issue thereby presented to the Wabash Circuit Court was whether or not the appellees had violated the terms of the lease in the respects alleged. It is true, as appellees point out, that the prayer of appellants' said cross-complaint was, in part, that "the leasehold be declared terminated" and that appellants "be declared entitled to the exclusive possession thereof." However, the issues presented by said cross-complaint are clear and there is no ambiguity. In such case, we look to the pleading to determine the substance and theory thereof and there is no occasion to look to the prayer thereof for that purpose as is urged by appellees. It is only when the issues or theory of the pleadings is left in doubt by the allegations thereof that we are justified in look-

ing to the prayer for light in that regard. *Gates* v. *Sweet* (1915), 58 Ind. App. 689, 693, 108 N. E. 881; *Trook* v. *Crouch* (1923), 82 Ind. App. 309, 318, 137 N. E. 773.

The action now before us for review is clearly one of ejectment, requiring a determination of the right of appellants to possession of the real estate and whether appellees detain such possession without right, to the damage of appellants. The issues before the Wabash Circuit Court were (1) reformation of the lease; and, (2) breach by appellees of conditions of the lease. The right of ejectment, possession, and damages were not involved. Thus, it does not appear that the issues in the two cases were the same, nor that, under the issues made by the pleadings in the Wabash court, the matter here involved could have been fully determined by that court. "When the second action between the same parties is on a different cause of action, claim, or demand, it is well settled that the judgment in the first suit operates as an estoppel only as to the point or question actually litigated and determined, and not as to other matters which might have been litigated and determined. In such cases the inquiry must always be as to the point or question actually litigated and determined in the original action." *Town of Flora* v. *Indiana Service Corporation et al.* (1944), 222 Ind. 253, 257, 53 N. E. 2d 161.

In the present case the trial court did not conclude that the controversy here considered had been or was adjudicated by said Wabash Circuit Court. The court did say, in Finding No. 10, that the Wabash Circuit Court found against said Irvin Leckrone and Rose Leckrone "on said answer and cross-complaint." But we fail to find any evidence in the record before us to

support that portion of the finding. We conclude that appellees' contention of former adjudication cannot be sustained.

Appellants assign no error as to the court's Conclusion No. 4, which stated: "That under the facts above found, the lease set forth in Finding No. 1 was extended for an additional 10-year period, from July 3, 1949." However, they did assign error as to Conclusion No. 1, which was "That the law is with the defendants (appellees)."

Assuming, without deciding, that the court in reaching said Conclusion No. 4 remained within the issues presented to it by the pleadings, it would be without effect if the court was in error in its Conclusion No. 1.

The record before us discloses no circumstances either directly or remotely indicating any intention or desire of the appellants, as lessors, to lease the premises to appellees or anyone else, or any circumstances which would ripen into a condition by which the appellees, as lessees, would be entitled as a matter of right to exercise the first right of re-lease under the lease provision. It is significant that the evidence shows an effort, though the same was fruitless, by appellants to serve appellees with a notice to quit and it is also significant that the court found in its Finding No. 5, that appellants refused a tender by appellees of the rent. The record discloses no evidence to sustain the finding of the court that the appellees are entitled to the first right to another ten-year rental period.

In its Finding No. 6, the court finds that the appellants had no intention or desire to live on or occupy the real estate and no intention or desire to sell it. As we perceive the rule, it is of no consequence that appellants had no intention or desire to use, occupy, or sell the real estate. In our view of the case, said find-

ing lends no support to the conclusion reached by the court.

For the reasons given herein we are of the opinion that the court erred in its conclusions of law, and that the judgment rendered by it is contrary to law.

Judgment reversed, with instructions to sustain appellants' motion for a new trial.

NOTE.—Reported in 118 N. E. 2d 381.