BOARD OF ZONING APPEALS OF THE TOWN OF CARMEL
v. PARSONS ET AL.

[No. 19,842. Filed December 9, 1964.]

*Webb, Webb & Smith,* of Noblesville, and *Leory K. New,* of Indianapolis, for appellant.

*Roberts & Church,* of Noblesville, and *Baker & Daniels,* of Indianapolis, of counsel, and *Manson E. Church,* of Noblesville, and *Stephen W. Terry, Jr.,* of Indianapolis, for appellees.

COOPER, J.—This is an appeal from a negative judgment rendered in the Hamilton Circuit Court wherein the appellant, the Board of Zoning Appeals of the Town of Carmel, Indiana, brought an action for a permanent injunction to enjoin appellees, Harry L. Parsons et al., from changing the contour of and constructing improvements on certain real estate alleged to be in violation of the Improvement Location Permit Ordinance of the Town of Carmel, Hamilton County, Indiana.

The cause was submitted to the court, and thereafter the court entered the following final judgment:

"This cause having been taken under advisement, the court now finds against the plaintiff upon its complaint and for the defendants, that the plaintiff take nothing by its complaint and that no injunction be issued against the defendants as sought in plaintiff's complaint; and further that defendants should recover costs.

"It is therefore considered, ordered, adjudged and decreed that the plaintiff take nothing by its complaint and that costs be and they are hereby taxed to the plaintiff."

Thereafter, the appellant filed the usual motion for a new trial, charging (1) that the decision of the court is not sustained by sufficient evidence; (2) that the decision of the court is contrary to law; (3) that the decision of the court is not sustained by sufficient evidence and is contrary to law.

The court overruled said motion for new trial, and the overruling of the motion for new trial is the assigned error.

Being a negative judgment, specifications #1 and #3 of the appellant's motion for a new trial present nothing for our consideration. The general rule of law under such circumstances is well stated in the case of *Leckrone* v. *Lawler* (1954) (T. D.), 125 Ind. App. 35, 37, 118 N. E. 2d 381, wherein we held: "As the finding was negative to appellants who had the burden of proof, they cannot challenge the insufficiency of the "evidence to sustain the finding, *Myers* v. *Brane* (1944), 115 Ind. App. 144, 57 N. E. 2d 594; *Wilson, Admrx.* v. *Rollings et al.* (1938), 214 Ind. 155, 158, 14 N. E. 2d 905." See also *Hinds, Executor Etc.* v. *McNair et al.* (1955), 235 Ind. 34, 40, 41, 129 N. E. 2d 553.

The appellant also asserts the decision is contrary to law, which, as pointed out in the case of *Leckrone* v. *Lawler, supra,* they may do. However, "It is only where the evidence is without conflict and can lead to but one conclusion, and the trial court has reached an opposite conclusion, that the decision of the trial court will be set aside on the ground that it is contrary to law. *Losche & Sons* v. *Williams & Associates* (1948), 118 Ind. App. 392, 78 N. E. 2d 447, *supra*". *Pokraka* v. *Lummus Co.* (1952), 230 Ind. 523, 532, 104 N. E. 2d 669.

Our Supreme Court, in the *Hinds, Executor, etc.* v. *McNair et al.*, case, *supra,* at p. 41, stated:

"If the undisputed evidence entitles the one who has the burden of proof to a verdict which has been denied him, such verdict is contrary to law. *To determine this question we may consider only the evidence most favorable to the appellees, together with*

*all reasonable inferences which may be drawn therefrom.*

" 'It is only where the evidence is without conflict and can lead to but one conclusion, and the trial court has reached an opposite conclusion, that the decision of the trial court will be set aside on the ground that it is contrary to law.' " (our emphasis)

In reviewing the applicable statutes, it appears that ch. 174 of the 1947 Acts, §§53-701 and 53-794, 1951 Repl., is a comprehensive act covering the entire subject matter of zoning for urban and rural areas of the state, and prior city and county zoning acts were repealed, except as to certain acts, regulations and ordinances continued in force by specific provisions of the new act.

It would unduly extend this opinion to attempt any summary of the entire act or to set forth verbatim the sections material to the decisions of this appeal.

The general rule of law is so well established that we do not deem it necessary to cite authority that the General Assembly may confer upon the several counties, cities, towns, etc., powers of local legislative and administrative character, but it is also well settled that such powers are not self-executing, and where a statute provides the manner in which a power is to be exercised, the statutory directions must be followed to give validity to the act.

In reviewing the record now before us, it affirmatively appears that in 1957 the town of Carmel, under the authority of the 1947 Zoning Act, passed an ordinance designated as Carmel's Master Plan which embraced only the town limits of Carmel.

In 1959, it appears that the town of Carmel decided to go the additional two miles beyond the town limits permitted by the 1947 Zoning Act, and amended its 1957

Master Plan by ordinance, thereby properly exercising its power to go the additional two miles. It also appears that the newly-zoned area was called its jurisdictional area and delineated that on its jurisdictional map appearing in the record.

It has been established by the stipulation of the parties appearing in the record that the appellees' land, upon which construction was sought to be enjoined by the appellant herein (construction was begun on April 20, 1961), was located considerably more than two miles from the town of Carmel's corporate limits and is not within the jurisdictional area delineated on Carmel's jurisdictional map of 1959.

It is the appellant's contention that Carmel's 1959 Master Plan was extended automatically beyond its express territorial scope by a purported and alleged joinder of the town of Carmel and Clay Township by virtue of a purported joinder resolution of the 2nd day of February, 1960, authorized by ch. 46, Acts 1959, Indiana General Assembly. We cannot agree with the appellant's contention.

In reviewing §53-1214, 1964 Supp., Burns' Ind. Stat., it is apparent that the Acts of 1959, the same being §§53-1201 to 53-1214, are supplemental to the general acts of 1947, ch. 174, the comprehensive act which covers the entire subject matter of zoning for urban and rural areas of the state, and merely confers authority upon any city, town or county to effect a joinder with a contiguous township.

In reviewing the Act of 1959, we note that the joinder statute does not authorize a town to extend its existing Master Plan by simple resolution, nor does the joinder statute refer to existing master plans or ordinances; all it does is extend, upon a proper

joinder, "the planning and zoning jurisdiction, of the accepting town or city". See §53-1209, Burns' Ind. Stat., 1964 Supp. It is apparent that this provision gives, upon a proper joinder, jurisdiction to act, i. e., power to plan and zone. We do not believe that jurisdiction, or the power to act, is equivalent to the act itself. Obtaining jurisdiction certainly is not the same as exercising it. The joinder statute speaks of jurisdiction, not exercises of it. It is apparent the joinder statute extends "the planning and zoning jurisdiction of the city" with a contiguous township under certain conditions, procedures and terms each being mandatory in its operation.

We find that §53-1205, Burns' Ind. Stat., 1964 Supp., provides, in part:

" . . . If the common council is favorable they shall pass a resolution setting forth the terms of the joinder and shall send one (1) copy to the township trustee and shall file one (1) copy with the county recorder. The latter copy shall be filed in the miscellaneous records. In case the plan commission or the common council rejects the petition, it shall immediately notify the township trustee."

It affirmatively appears from the record now before us by stipulation that the agreement of the terms between the town of Carmel and Clay Township of Hamilton County was not set forth by resolution or ordinance or agreement until on May 2, 1961, which was after construction had been started by the appellees herein. We are of the opinion that the joinder statute gives Carmel and Clay Township, upon a valid joinder, the jurisdiction and power to plan and adopt zoning together. The power now exists upon joinder to plan and zone for the township the same as it existed formerly for the town, i. e., by working out a master plan between the town of Carmel and Clay Town-

ship and putting it into effect by amending Carmel's 1959 Master Plan as provided by the Acts hereinbefore cited. There is no automatic amendment of master plans in Indiana. We fail to find in the record now before us where the town of Carmel and Clay Township have exercised any power which may have been available to them under the above-cited Acts.

By reason of what we have heretofore stated, we are of the opinion that the trial court did not commit error in denying the appellant's request for a permanent injunction.

Judgment affirmed.

Carson, and Ryan, JJ., concur.

Faulconer, C. J., concurs, with opinion.

### CONCURRING OPINION.

FAULCONER, C. J.—The only question in this appeal is whether the resolution passed by the Board of Trustees of Carmel on August 9, 1960, granting the petition for joinder filed by Clay Township automatically extended the Master Zoning Ordinance of the Town of Carmel to all of Clay Township.

The statute authorizing joinder and setting up the procedure therefor, being Acts 1959, ch. 46, §53-1201, *et seq.*, Burns' 1963 Cum. Supp., states, in pertinent part, as follows:

> "If the petition is accepted, the planning and zoning jurisdiction of the city, . . . shall be extended to the township with the same effect as if the township was a part of the city . . . ." Acts 1959, ch. 46, §9, p. 111, §53-1209, Burns' 1963 Cum. Supp.

The resolution passed by the Town of Carmel Plan Commission recommending to the Board of Trustees of

the Town of Carmel that the petition of the trustees and advisory board of Clay Township be granted stated, in part, "and said Township be joined with the Town of Carmel *for the purposes of planning and zoning . . . ."* (Emphasis supplied.)

And the resolution passed by the Board of Trustees of the Town of Carmel, Indiana, in granting said petition stated, in part, as follows:

> "Therefore, be it resolved by the Board of Trustees of the Town of Carmel that the petition of the Trustee and Advisory Board of Clay Township, Hamilton County, be granted and said Clay Township be and the same hereby is joined with the Town of Carmel *for the purpose of planning and zoning* pursuant to Chapter 46 of the Acts of the Indiana General Assembly of 1959." (Emphasis supplied.)

Whether under this statute resolutions of joinder could be so drawn as to effect an extension of a master zoning ordinance of a city to the contiguous township without further specific zoning of the new area, is not a controlling issue for determination in this case.

I feel that considering the wording of the various resolutions used here and the surrounding circumstances, the only logical conclusion we can reach is that the joinder extended only the jurisdiction to zone and plan. If the Township or Town Boards intended otherwise, they could have so stated. We can only review what action the Boards took and can only construe their words in their ordinary meaning and to hold that said resolutions automatically extended the Carmel Master Zoning Ordinance to all of Clay Township would, I feel, be contrary to the language they used since we have no clear statutory language to that effect.

NOTE.—Reported in 202 N. E. 2d 589.