BOGER *v.* KRINN.

[No. 20,543. Filed July 28, 1967. No petition for rehearing filed.]

*John Martin Smith,* of Auburn, for appellants.

*Hunt, Suedhoff & Wilks,* of Fort Wayne, for appellee.

COOK, J.—This is an action brought by the appellants against the appellee to recover damages for personal injuries allegedly sustained by Opal O. Boger in an accident which occurred at a street intersection located in Fort Wayne, and for alleged medical and hospital expenses and loss of consortium by Russell Boger.

Appellants were passengers in an emergency ambulance operated by the Fort Wayne Police Department which collided with an automobile operated by the appellee. The appellants alleged that the accident occurred as a result of negligence on the part of the appellee.

The cause was tried by a jury in the DeKalb Circuit Court and a verdict was returned in favor of appellee and against the appellants. Judgment was entered accordingly.

Appellants filed their timely motion for a new trial which was overruled by the trial court. The overruling of such motion is the sole assignment of error urged upon this appeal.

Appellants submit the following specifications contained in their motion for new trial for this court's consideration:

1)  That the verdict of the jury is contrary to law and that the verdict of the jury is not sustained by sufficient evidence.

2)  The court erred in overruling appellant's Motion to Vacate the notice to take the deposition of Dr. Richard N. Philbert.

3)  The court erred in permitting the depositions of Dr. Richard N. Philbert, Dr. Galen C. Huffman, Dr. Louis F. Bradley and Dr. John Bossard to be read into evidence.

4)  The court erred in refusing to give and read to the jury each of instructions numbered 1, 2, 4 and 6, tendered by the appellants.

As the verdict of the jury was a negative verdict to the appellants, who carried the burden of proof below, the specification that the verdict of the jury is not sustained by sufficient evidence presents no question for this court's consideration. *Board of Zoning Appeals* v. *Parsons* (1964), 136 Ind. App. 520, 202 N. E. 2d 589.

In considering the appellant's contention that the decision of the trial court is contrary to law, we have reviewed the evidence, and find that it is in conflict. The conflict is particularly sharp relating to the appellants' injuries, if any. Dr. Philbert testified that he did not think appellant, Opal Boger, sustained "any injury whatsoever" as a result of the accident. It is well settled that only where the evidence is without conflict and leads inescapably to but one reasonable conclusion, and the trial court has reached a contrary conclusion, will the verdict be set aside on the ground that it is contrary to law. *Woods* v. *Deckelbaum, et al.* (1963), 244 Ind. 260, 191 N. E. 2d 101. Since there is evidence to support the jury's verdict, the judgment of the trial court will not be disturbed because of this specification of alleged error.

Appellants next contend that the court erred in refusing to vacate the notice to take the deposition of Dr. Philbert.

We find that appellants' contention is without merit. The notice to take the deposition of Dr. Philbert was received by appellants' counsel on June 4, 1965. The notice stated that the deposition would be taken in Redwood City, California, on June 15, 1965.

In 1883, when the mode of travel was, relatively speaking, archaic, our Supreme Court held that six days was sufficient traveling time for travel between Fort Wayne and Topeka, Kansas. *Fitzpatrick, et al.* v. *Papa* (1883), 89 Ind. 17. In 1937, this court held that four days was sufficient notice for the taking of a deposition in Boston, Massachusetts, when attorneys resided in Indianapolis. *Smith* v. *Keyes* (1937), 103 Ind. App. 487, 9 N. E. 2d 119. The court did not err in refusing to vacate the notice in this case, as eleven (11) days notice was sufficient in respect of a deposition to be taken in California.

Burns' Indiana Statutes Annotated § 2-1714, provides in part, as follows:

"The following persons shall not be competent witnesses: . . . Fourth, Physicians, as to matter communicated to them, as such, by patients, in the course of their professional business, or advice given in such cases."

By virtue of the above, appellants claim that the trial court committed error in permitting the deposition of certain doctors to be read into evidence.

Our courts have consistently held that the privilege created between a physician and a patient does not create absolute incompetency; and is a privilege for the benefit of the patient, which the patient may waive. *Stayner* v. *Nye* (1949), 227 Ind. 231, 85 N. E. 2d 496, and cases cited therein.

The appellants waived any privilege which existed between Opal Boger and the doctors in question when they signed and delivered to the attorney for appellee a document which reads in pertinent part as follows:

"We . . . hereby authorize and direct that any and all medical and psychiatric information concerning Opal O. Boger may be freely discussed with and given to the bearer of this document, *without limitation* . . ." (Emphasis Added)

The words "without limitation" indicate that there were no restrictions placed upon the use of the authorization. Once a privilege has been waived by a patient, the waiver cannot be recalled. *Stalker* v. *Breeze* (1917), 186 Ind. 221, 114 N. E. 968.

We hold that appellant, Opal Boger, waived the privilege, and the physicians' testimony was properly admitted.

This court can not consider the merits of the contention that the court erred in refusing to give and read certain instructions tendered by the appellants. Appellants do not set out in their brief any of the court's instructions to the jury, any of appellant's instructions that were given, or the instructions given on behalf of appellee.

In order to present any questions regarding the refusal of the trial court to give a tendered instruction, the appellants' brief must contain all the instructions read to the jury. *Woods* v. *State* (1955), 234 Ind. 599, 130 N. E. 2d 139. *Automobile Underwriters* v. *Southern Oil* (1962), 133 Ind. App. 130, 179 N. E. 2d 581.

Prior to its amendment, effective February 1, 1967, Supreme Court Rule 2-17 read in pertinent part:

"When error is predicated on the giving or refusal of instructions, the statement of the record must contain, in addition to the instructions given or refused which are complained of, all the instructions given or tendered which have a bearing upon the questions raised."

As amended, the relevant part of the Rule reads:

"When error is predicated on the giving or refusal of any instruction, such instruction shall be set out verbatim . . ."

We do not believe that Rule 2-17, as amended, was intended to change the long standing decisions holding that this court will not search the record in order to reverse the trial court's judgment.

Finding no error below, the judgment is affirmed.

Pfaff, C. J., Bierly, J., Smith, J., concur.

NOTE.—Reported in 228 N. E. 2d 426.