Michael Dee YATES, Defendant-Appellant,

v.

STATE of Indiana, Plaintiff-Appellee.

No. 3–781A169.

Court of Appeals of Indiana, Third District.

January 13, 1982.

Rick L. Jancha, South Bend, for defendant-appellant.

Linley E. Pearson, Atty. Gen., Michael Gene Worden, Deputy Atty. Gen., Indianapolis, for plaintiff-appellee.

HOFFMAN, Presiding Judge.

Michael D. Yates entered a plea of guilty to the charge of robbery, a class C felony. Yates was instructed to contact the St. Joseph County Adult Probation Department for his pre-sentence investigation. During the interview with the probation department, Yates signed a form granting permission for the release of information about himself. At the time he signed the release form, it was blank as to the addressee. Subsequently, the form was sent to Riverwood Community Mental Health Center in St. Joseph, Michigan. The inquiry by the probation department elicited a response from Riverwood and it is the content of that responsive letter which gave rise to this appeal.

Yates filed a Verified Petition to Expunge Improperly Obtained Information from Presentence Investigative Report and Change of Venue from Judge. A hearing was held on the petitions and they were denied. The trial court then proceeded with the sentencing and sentenced Yates to the Indiana Department of Corrections for five years and ordered him to pay the cost of the action.

Yates alleges the trial court erred in failing to expunge from the pre-sentence report a letter received from the Riverwood Mental Health Center for the following reasons:

1) It had been obtained in violation of his rights against self-incrimination;

2) It had been obtained in violation of his rights to assistance of counsel;

3) It had been obtained as a result of an invalid waiver and in violation of his rights to confidentiality with respect to communications made between himself and his physician and/or psychiatrist, his psychologist, his social worker, and his wife.

In addition, Yates alleges the trial court erred in failing to grant his request for change of venue from the judge.

The presumption of innocence does not extend to sentencing proceedings. A trial judge may consider almost any relevant information in determining what sen-

tence to invoke. *Lottie v. State* (1980), Ind., 406 N.E.2d 632; *Griffin v. State* (1980), Ind., 402 N.E.2d 981. The Legislature has provided for the making of pre-sentence reports in order to assist the judge in individualized sentencing and has given probation officers a great deal of freedom in determining what to include in the report. IC 1971, 35–4.1–4–9—10.[1] Of course, the pre-sentence report must contain only accurate information and therefore, a defendant is given the opportunity to refute the information in the report. IC 1971, 35–4.1–4–12—13.[2] Yates does not dispute the accuracy of the information contained in the letter from Riverwood, but feels its inclusion in the report violated his rights.

In *Gardner v. State* (1979), Ind., 388 N.E.2d 513, our Supreme Court dealt with the same issue regarding self-incrimination that is now raised by Yates. In *Gardner* the defendant was informed previously of his right to remain silent and that anything he said could be used against him. There was no showing of coercion by the probation officer during his interview. The same holds true in the action now before us. Yates had been advised of his rights at his hearing and voluntarily signed the release form. We must conclude as did the court in *Gardner* that his right against self-incrimination was not violated.

Likewise, Yates had previously been advised of his right to counsel. Yates was represented by counsel at his hearing and at his sentencing where he had the opportunity to refute what was in the pre-sentence report. *Stevenson v. State* (1975), 164 Ind. App. 199, 327 N.E.2d 621. Thus far, it has not been held in Indiana that a convicted defendant's pre-sentence interview with the probation department is a critical stage in the proceedings such that it necessitates the presence of counsel.

Yates attacks the letter from Riverwood as containing privileged information which was obtained by the use of an invalid waiver. The privilege regarding confidential communications is a right which may be waived by a defendant. *See Boger v. Krinn*

(1967), 141 Ind.App. 418, 228 N.E.2d 426; *Hunt v. State* (1956), 235 Ind. 276, 133 N.E.2d 48. In this case, such a waiver was executed.

The form waiver signed by Yates was blank as to whom information would be solicited from. However, it clearly states: "The undersigned, _____ hereby gives permission to __ ___ the authority to release to _____ *any and all privileged information* contained in records concerning the undersigned.

---

Signature"
(Emphasis added.)

Yates was put on notice that *any* privileged information could be sought and since the blanks were not filled in, that information could be sought from *any* source. Yates signed the release without any evidence of force or coercion.

The form granting permission for release of information was sent to Riverwood Community Mental Health Center. Therefore, it applied to all privileged communications between Yates and any of Riverwood's employees, whether they be physicians, psychiatrists, psychologists, or social workers.

The information contained in the letter was relevant for the judge to consider in sentencing Yates. The trial court did not err in failing to expunge the letter from the report.

Yates concedes that if the letter was properly included in the report, his argument on change of venue from the judge must fail. Therefore, we need not address that issue. However, it should be noted that a trial court's ruling, such as is challenged here, is reviewable on appeal only for abuse of discretion. Yates has failed to demonstrate the requisite bias or abuse of discretion in this case. *McChristian v. State* (1979), Ind., 396 N.E.2d 356.

Having found no reversible error, the judgment of the trial court is affirmed.

Affirmed.

GARRARD and STATON, JJ., concur.

---

1. Found at 35–50–1A–9—10 (1981 Burns Supp.).

2. Found at 35–50–1A–12—13 (1981 Burns Supp.).