## MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



**FILED**

May 25 2017, 8:42 am

**CLERK**
Indiana Supreme Court
Court of Appeals
and Tax Court

ATTORNEY FOR APPELLANT

Sean C. Mullins
Public Defender
Crown Point, Indiana

ATTORNEYS FOR APPELLEE

Curtis T. Hill, Jr.
Attorney General of Indiana

Laura R. Anderson
Deputy Attorney General
Indianapolis, Indiana

## IN THE
# COURT OF APPEALS OF INDIANA

Harvey Stephens,

*Appellant-Defendant,*

v.

State of Indiana,

*Appellee-Plaintiff.*

May 25, 2017

Court of Appeals Case No.
45A04-1612-CR-2927

Appeal from the Lake Superior Court

The Honorable Samuel L. Cappas, Judge

Trial Court Cause No.
45G04-0104-DF-90

**Bailey, Judge.**

# Case Summary

[1] Harvey Stephens ("Stephens") brings a belated appeal pursuant to Indiana Post Conviction Rule 2 to challenge the six-year aggregate sentence imposed in 2002 following his pleas of guilty to Theft[1] and Attempted Theft,[2] Class D felonies. He presents three issues, which we consolidate and restate as a single issue: whether the sentence is of such dubious validity that it constitutes fundamental error.[3] We reverse and remand for resentencing.

# Facts and Procedural History

[2] The facts underlying Stephens' guilty pleas were described in the Stipulated Factual Basis as follows in pertinent part:

> On April 2, 2001 at a Wal-Mart Store, Hobart, Indiana, Harvey Stephens with his accomplices, Wendy Smith and Patricia Price, stole money from a store cash register by using IBM keys; and, on April 2, 2001 at a Target Store, Hobart, Indiana, Harvey

---

[1] Ind. Code § 35-43-4-2.

[2] I. C. §§ 35-43-4-2, 35-41-5-1.

[3] We are unable to address the issue of inappropriateness, because the record – lacking a complete verified criminal history – is insufficient to permit meaningful review of the character of the offender pursuant to Indiana Appellate Rule 7(B).

Stephens also asserted that his aggregate sentence should be capped at four years, the maximum sentence for the next highest felony, because his offenses constituted a single criminal episode, defined as "offenses or a connected series of offenses that are closely related in time, place, and circumstance." I. C. § 35-50-1-2(b). The Stipulated Plea and Agreement does not provide for a sentencing cap of four years. However, the parties agreed that they were "free to fully argue their respective positions as to the sentence to be imposed." (App. Vol. II at 33.) Thus, Stephens was not foreclosed from arguing that his offenses were a single continuing offense. Nonetheless, the Stipulated Factual Basis does not independently provide sufficient factual detail to establish the statutory criteria of close relation in time, place, and circumstance.

Stephens with his accomplices, Wendy Smith and Patricia Price, attempted to steal money from a cash register by using IBM keys. However, they fled the store when approached by store employees and were later stopped by the police and arrested.

(App. Vol. II at 35.)

[3] On January 17, 2002, Stephens pleaded guilty to Theft and Attempted Theft pursuant to a Stipulated Plea and Agreement. Therein, the State agreed not to pursue a habitual offender enhancement and sentencing was left to the discretion of the trial court. The trial court accepted the pleas and ordered the compilation of a Presentence Investigation Report ("PSI").

[4] On February 27, 2002, the trial court conducted a sentencing hearing. At the commencement of the hearing, the following discussion ensued:

Court: The Defendant is in custody in the State of Ohio and wishes to be sentenced in his absence; is that correct, Mr. Clark?

Defense Attorney: Yes, it is, your Honor.

Court: All right. The probation department has sought to – sought a continuance in this matter, because records they requested from out of state have not been tendered. Therefore, the presentence report is incomplete, in their opinion. But even given that fact, the Defendant does wish to be sentenced in absentia; is that correct?

Defense Attorney: That's correct.

Court: All right. Any corrections to the presentence report?

Defense Attorney:  I haven't even seen what this thing has, but I have no additional corrections.  And, unfortunately, we can't make any deletions, so we have none.

Court:  All right.  Any changes by the State:

Prosecutor:  Not from the State, your Honor.

Court:  All right.  Any evidence for the Defendant?

Defense Attorney:  No evidence, your Honor.

Court:  Evidence for the State?

Prosecutor:  No, your Honor.

(Sent. Tr. at 3-4.)  The trial court heard brief argument from counsel, with each counsel alleging facts outside the Stipulated Factual Basis.  Thereafter, the trial court advised the parties that he had reviewed "the criminal history attachment" or "triple I" report.  (Sent. Tr. at 5.)  The trial court imposed the maximum sentence possible, a three-year sentence for Theft and a three-year sentence for Attempted Theft,[4] to be served consecutively.

[5] Detainers were placed on Stephens during his incarceration in Ohio.  On October 21, 2016, he appeared in court in Indiana and was advised as to his post-conviction rights and rights to an attorney.  With assistance from a public

---

[4] I. C. § 35-50-2-7.

defender, on December 16, 2016, Stephens filed a petition seeking permission to bring a belated appeal. On December 20, 2016, the trial court granted Stephens' petition. He now belatedly appeals his sentence.

# Discussion and Decision

[6] Stephens and the State agree that the instant sentence was imposed at the culmination of irregular proceedings. The PSI, deemed incomplete by the probation department, had apparently not been provided to defense counsel prior to the sentencing hearing.[5] In light of the probation department's request for a continuance, the trial court asked defense counsel to assess his client's wish to proceed, although Stephens was absent and not consulted. Although the parties had agreed that Stephens had a criminal history, apparently sufficient to support the filing of a habitual offender allegation, three versions of that history had been compiled, and the details were not established by admissible evidence. Defense counsel essentially abdicated his responsibility as

---

[5] Indiana Code Section 35-38-1-12 provides that the trial court is to advise the defendant or his counsel of the factual contents and conclusions of the PSI or furnish a copy of the PSI "sufficiently in advance of sentencing so that the defendant will be afforded a fair opportunity to controvert the material included."

The purpose of the PSI is to provide information to the court for use at individualized sentencing. *Yates v. State*, 429 N.E.2d 992, 994 (Ind. Ct. App. 1982). "Of course, the pre-sentence report must contain only accurate information and therefore, a defendant is given the opportunity to refute the information in the report." *Id.*

In *Gilbert v. State*, 982 N.E.2d 1087, 1092 (Ind. Ct. App. 2013), a panel of this Court found that the defendant's due process rights had been violated when neither he nor his counsel was provided with a PSI until the day of the sentencing hearing.

an advocate for his absent client to participate in the determination of a reliable and reviewable sentence.

[7] On appeal, the State argues that Stephens' counsel failed to object to any irregularity, thereby waiving the matter for appellate review, while Stephens contends that his sentence constitutes fundamental error. The doctrine of fundamental error exists as an exception to the contemporaneous objection rule and permits consideration on appeal of errors to which no objection was made at trial. *Stewart v. State*, 567 N.E.2d 171, 174 (Ind. Ct. App. 1991), *trans. denied*. "[T]he error must be one such that the defendant could not possibly have had a fair trial or such that this court is left with the conviction that the verdict or sentence is clearly wrong or of such dubious validity that justice cannot permit it to stand." *Id.*

[8] The PSI of record is incomplete, although it includes a summary:

> Defendant has extensive prior contact with the criminal justice system. He has no known juvenile adjudications. Regarding the total number of misdemeanor and felony convictions, this information is not yet available. According to the NCIC, the defendant has numerous arrest[s] throughout the state of Ohio. In addition, it is believed that he has been incarcerated.

(App. Vol. II at 93.)

[9] Also appearing in the Appendix is a form titled "Record Check by Prosecuting Attorney." (App. Vol. II at 12.) The checked boxes on the form indicate that Stephens was not on probation or parole, did not have other charges pending,

and was not on bond. Prior felony convictions were listed as a 1981 conviction in Ohio for Forgery, a federal conviction in 1983 for Forging Endorsement on U.S. Bond, a 1991 conviction in Ohio for Theft and a 1991 conviction in Ohio for Carrying a Concealed Weapon. However, the sentencing transcript does not suggest that this form was submitted as an evidentiary exhibit.

[10] Based upon the trial court's comments at sentencing, it appears that he wholly relied upon a third source, a "triple I report," outside the evidentiary record or appendix. (Sent. Tr. at 5.) The sentencing order recites Stephens' prior criminal history as a conviction for "possession of CDS, a felony," Forgery in 1985, Forgery in 1989, and other convictions – at unspecified times – for Theft, Robbery, Attempted Grand Theft, Forgery, and Carrying a Concealed Weapon. (Sent. Tr. at 7-8.) Also, the trial court found Stephens' use of aliases, multiple Social Security numbers, and multiple dates of birth to be an aggravating circumstance. However, this information was not in the PSI or a separate evidentiary exhibit.

[11] Having ordered a PSI, the trial court refused to grant a continuance for its completion, disregarded the incomplete PSI, and assigned credibility to an unverified attachment described as a Triple I report. Stephens was afforded no opportunity to refute the information therein. Nor was he afforded any meaningful opportunity to respond to the varying accounts of his criminal history. Also, due to the lack of dates of many purported offenses, defense counsel was unable to make any argument as to remoteness. Under these

circumstances, we conclude that the sentence is of such dubious validity that it constitutes fundamental error.

# Conclusion

[12] We reverse the sentence and remand for a new sentencing hearing predicated upon compliance with Indiana Code Sections 35-38-1-8 and 35-38-1-12.

[13] Reversed and remanded.

Vaidik, C.J., and Robb, J., concur.